UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Righthaven LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Dana Eiser,<br><br>　　　　　　　　Defendant. | Civil Action No. 2:10-CV-3075-RMG<br><br>**AMENDED ANSWER AND<br>COUNTERCLAIMS** |

The Defendant Dana Eiser hereby amends her previously filed Answer to the Plaintiff's Complaint, which included a counterclaim upon which Plaintiff is now in default, and asserts further counterclaims against the Plaintiff Righthaven LLC as follows:[1,2,3]

**PARTIES, VENUE, AND JURISDICTION**

1.　Plaintiff Righthaven LLC is a Nevada limited liability company with its principal place of business in Nevada.

2.　Defendant Dana Eiser is a resident of Summerville, South Carolina.

3.　This Court has personal jurisdiction over the parties.

4.　This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367(a).

5.　Venue is proper in this district and division pursuant to 28 U.S.C. § 1391.

---

[1] With regard to the Answer and Counterclaim, any and all inconsistent material is pled in the alternative. Such inconsistent material may—or may not—be specifically designated as such. Further, any allegations of intentional conduct are alternatively pled as negligent, grossly negligent, or reckless conduct.

[2] To the extent material appearing herein is inconsistent with existing law, Defendants respectfully request to argue in good faith for a change in the law.

[3] Dates, times, and locations given are approximate.

## GENERAL FACTUAL ALLEGATIONS[4]

6.      At all times relevant to this lawsuit, the Lowcountry 9/12 Project ("Lowcountry 9/12") maintained a blog located at http://lowcountry912.wordpress.com.

7.      Lowcountry 9/12 is an entity aligned with the "Tea Party" movement.

8.      The blog is not-for-profit, free to read, and does not feature advertising, nor does it have any revenue of any kind.

9.      On September 23, 2010, an article entitled "A letter to the Tea Partyers" by Mike Rosen (hereinafter "Rosen Letter") was published in the Denver Post and on its website, http://www.denverpost.com.

10.     The Rosen Letter on the Denver Post website encourages users to distribute the article by offering links to email the article and to share the article on *more than 330* websites and social media outlets, including Facebook, Myspace, Digg, and Google Buzz using its "Bookmark & Share" feature.

11.     Given that the Rosen Letter was an open letter to "Tea Partyers," and given that Lowcountry 9/12 is aligned with the Tea Party movement, the Rosen Letter was reprinted on Lowcountry 9/12's blog the same day it was published in the Denver Post.

12.     The blog post clearly indicated that Mike Rosen of the Denver Post was the original author and also linked back to the Rosen letter at the Denver Post website using a unique referral link generated by the Denver Post when the text of the article was copied and pasted.

13.     Nearly two months later, on November 19, 2010, a copyright application for the Rosen Letter was filed by Righthaven LLC.

---

[4] All material in the General Factual Allegations relevant to a cause of action or defense and not inconsistent, the material is incorporated therein.

14.     Less than two weeks later, on December 2, 2010, the present lawsuit against Dana Eiser was filed.  Prior to filing the lawsuit, Righthaven LLC did not send a takedown notice nor any other request to remove the Rosen Letter from Lowcountry 9/12's Blog to Ms. Eiser.  Ms. Eiser's first and only notice of the alleged copyright infringement occurred when she was served with the present lawsuit.

15.     Righthaven LLC and its Chief Executive Officer, Steven A. Gibson, have built a business on locating websites that utilize content generated by others, purchasing the copyrights to various articles and photos published by newspapers that have already appeared on other websites, and then filing a lawsuit against the website or blog that allegedly infringed on the article.

16.     As of February 7, 2011, Righthaven LLC has filed 239 lawsuits across the country alleging copyright infringement.  In most or all cases the lawsuits are filed months after the alleged infringement occurs and without prior notice to the allegedly infringing website.

17.     Righthaven LLC does not generate any copyrightable content. Righthaven LLC does not employ writers, reporters, photographers, or in any way generate material other than lawsuits. Righthaven LLC is simply a business devoted to suing people, whose owners are simply investors in litigation over claims Righthaven LLC has no legitimate legally cognizable interest in.

### FOR A FIRST DEFENSE AND FIRST COUNTERCLAIM
#### DECLARATORY JUDGMENT

18.     Plaintiff has alleged that Defendant willfully infringed Plaintiff's exclusive rights under 17 U.S.C. §§ 106(1)-(3) and (5).

19.     Defendant has not engaged in any act of copyright infringement or any

infringement of Plaintiff's rights under any of these statutory sections.

20. Defendant is entitled to a declaration that Defendant has not infringed Plaintiff's copyright.

## FOR A SECOND DEFENSE AND SECOND COUNTERCLAIM
### ABUSE OF PROCESS[5]

21. Plaintiff's entire business model is predicated on identifying potentially copyrightable articles that have been excerpted or reprinted on various websites or blogs, contracting with the author to obtain the right to prosecute claims for copyright infringement, filing lawsuits for copyright infringement, and receiving money in settlement from the alleged infringers. Without the revenue received from these settling defendants, Plaintiff does not have a functioning business.

22. Plaintiff has no interest in actually protecting a copyright or vindicating its legal rights, as evidenced by its only obtaining the right to prosecute a copyright *after* it identifies a target defendant, its only obtaining limited rights from the author to prosecute a claim for copyright infringement rather than full and unlimited rights, and its failure to send a takedown notice or other request that the allegedly infringing content be removed before filing suit.

23. The conduct complained of herein demonstrates that Plaintiff brought the present lawsuit with an ulterior purpose and that the collateral objective Plaintiff seeks was the sole or paramount reason for the willful, improper, and frivolous act of filing the present lawsuit.

---

[5] Defendant hereby serves notice of an intention to move for sanctions for frivolous and improper behavior under Rule 11, Fed. R. Civ. P. and to assert a malicious prosecution claim upon the termination of these proceedings in her favor.

### FOR A THIRD DEFENSE AND THIRD COUNTERCLAIM
VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT

24. The actions complained of herein constitute unfair and deceptive acts.

25. Such acts impact the public interest as Righthaven LLC has brought more than 239 claims for copyright infringement throughout the country and will undoubtedly be filing many more.

26. As a direct and proximate result of this intentional conduct, Defendant suffered actual damages as well as special and consequential damages including but not limited to those arising from the negative impact on the Defendant's reputation and good name and that of the Lowcountry's 9/12 blog after media reports have made Righthaven's allegations that Defendant is a copyright infringer well-known.

27. Defendant seeks treble damages and attorneys' fees as provided by statute as a result of Righthaven's willful and intentional conduct.

### FOR A FOURTH DEFENSE AND FOURTH COUNTERCLAIM
BARRATRY

28. The actions complained of herein constitute barratry.

29. Plaintiff lacks the requisite legal interest in the claims asserted such that Plaintiff can legally assert these claims without committing the tort of barratry.

30. As a result of the barratry committed by Plaintiff, Defendant has suffered actual and other damages, including but not limited to attorneys' fees and other costs associated with litigation.

### FOR A FIFTH DEFENSE AND FIFTH COUNTERCLAIM
CIVIL CONSPIRACY

31. Plaintiff and others to be identified in discovery engaged in civil conspiracy in this matter.

32.     As a result of the civil conspiracy committed by Plaintiff and others, Defendant has suffered special damages herein complained of.

## FOR A SIXTH DEFENSE AND SIXTH COUNTERCLAIM
### NO GOOD FAITH BASIS

33.     The single counterclaim appearing in the original Answer filed by Defendant is hereby incorporated fully within this Amended Answer and Counterclaim.

34.     Plaintiff is presently in default with regard to this counterclaim. Defendant respectfully requests the Court direct the Clerk to enter default on this Counterclaim whereupon Defendant will file a motion for judgment by default.

## FOR A SEVENTH DEFENSE
### RESPONSE TO FACTUAL ALLEGATIONS

35.     All allegations of the Complaint are denied unless specifically admitted herein, or pled as fact elsewhere within this pleading.

36.     The allegations of Paragraph 1 call for a legal conclusion for which no response is required.

37.     The allegations of Paragraph 2 are admitted upon information and belief.

38.     With respect to the allegations of Paragraph 3, Defendant has no knowledge of whether Righthaven LLC is in good standing with the Nevada Secretary of State.

39.     The allegations of Paragraph 4 are admitted.

40.     The allegations of Paragraphs 5, 6, and 7 are denied.

41.     The allegations of Paragraph 8 call for a legal conclusion for which no response is required. However, Defendant interposes no objection to this Court's subject matter jurisdiction in this case.

42.     With respect to the allegations of Paragraph 9, Defendant admits that Righthaven

LLC is the copyright claimant with regard to the article in question but has no knowledge as to the true ownership of the copyright, as Righthaven LLC has failed to produce any evidence of copyright assignment from the original owner.

43.     The allegations of Paragraphs 10 and 11 are denied.

44.     The allegations of Paragraphs 12, 13, and 14 call for a legal conclusion for which no response is required. However, Defendant interposes no objection to venue in this division.

45.     The allegations of Paragraph 15 are denied. The Rosen Letter is an open letter and therefore not copyrightable.

46.     With respect to the allegations of Paragraph 16, Defendant has no knowledge as to the true ownership of the copyright, as Righthaven LLC has failed to produce any evidence of copyright assignment from the original owner. Further, any purported assignment would be void against public policy to the extent such assignment is used—as it is here—as part of a profitmaking-through-litigation business model.

47.     The allegations of Paragraph 17 are admitted.

48.     With respect to the allegations of Paragraph 18, Defendant admits that Righthaven LLC submitted a registration application for the Rosen Letter to the United States Copyright Office. Upon information and belief, as of February 25, 2011 the registration process has not been completed and the Rosen Letter does not appear in the Copyright Office's online catalog.

49.     The allegations of Paragraph 19 are denied.

50.     With regard to the allegations of Paragraphs 20 and 21, the text and nature of the Rosen Letter and the Denver Post website constitute authorization for the use of the

Rosen Letter complained of by Plaintiff.

51. With respect to the allegations of Paragraph 22, Defendant pleads the applicable prior paragraphs in response.

52. With respect to the allegations of Paragraphs 23, 24, 25, and 26, Defendant asserts that these paragraphs set forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations. Defendant again has no knowledge as to the true ownership of the copyright, as Righthaven LLC has failed to produce any evidence of copyright assignment from the original owner, and a search of the Copyright Office's online database reveals no registered copyright. Further, any agreement purporting to assign to Righthaven LLC the right to pursue the instant litigation would be void in that it is against public policy.

53. With respect to the allegations of Paragraphs 27, 28, 29, 30, and 31, Defendant denies these allegations.

54. With respect to the allegations of Paragraph 32, Defendant denies her acts as alleged and further denies that Righthaven LLC suffered any harm whatsoever as a result of the Rosen Letter appearing on the Lowcountry 9/12 blog. Righthaven LLC does not produce, sell, or profit in any way from the distribution or transmission of copyrightable works.

55. With respect to the allegations of Paragraph 33, Defendant denies that Righthaven LLC will be irreparably harmed without injunctive relief and denies that Righthaven LLC is entitled to any relief whatsoever for the reasons described herein.

56. With respect to the Prayer for Relief, Defendant denies that Righthaven LLC is entitled to any relief whatsoever for the reasons described herein and specifically notes

that paragraph 3 of the Prayer for Relief seeks relief, the transfer of Ms. Eiser's personal property to Righthaven LLC, has no basis in law or in fact and constitutes a blatant violation of Rule 11, Fed.R.Civ.P. Further, GoDaddy.com, Inc. is a necessary party to this lawsuit given paragraph 3 of the Prayer for Relief but has not been made a party by Plaintiff.

### FOR AN EIGHTH DEFENSE
RULE 12(B)(6), FED. R. CIV. P.

57. Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant and therefore the Complaint must be dismissed.

### FOR A NINTH DEFENSE
RULE 12(B)(7), FED. R. CIV. P.

58. Plaintiff has failed to join one or more necessary parties pursuant to Rule 19, Fed.R.Civ.P. The Complaint must be dismissed accordingly.

### FOR A TENTH DEFENSE
WAIVER

59. Plaintiff's claims are barred by the doctrine of waiver.

### FOR AN ELEVENTH DEFENSE
UNCLEAN HANDS

60. Plaintiff's claims are barred by the doctrine of unclean hands.

### FOR A TWELFTH DEFENSE
LACHES

61. Plaintiff's claims are barred by the doctrine of laches.

### FOR A THIRTEENTH DEFENSE
ESTOPPEL

62. Plaintiff's claims are barred by the doctrine of estoppel.

## FOR A FOURTEENTH DEFENSE
### DE MINIMIS NON CURAT LEX

63. Plaintiff's claims are barred by the doctrine of de minimis non curat lex (the law cares not for trifles).

## FOR A FIFTEENTH DEFENSE
### FAILURE TO MITIGATE DAMAGES

64. Plaintiff has failed to mitigate damages and the Complaint must be dismissed accordingly.

## FOR A SIXTEENTH DEFENSE
### FIRST AMENDMENT

65. Plaintiff's claims are barred by the First Amendment to the United States Constitution.

## FOR A SEVENTEENTH DEFENSE
### NO OWNERSHIP OF COPYRIGHT

66. Plaintiff has failed to adequately plead ownership of the copyright in the Rosen Letter and the Complaint must be dismissed accordingly.

## FOR AN EIGHTEENTH DEFENSE
### NO STANDING

67. Plaintiff is without standing to pursue a copyright infringement action based on the Rosen Letter and the Complaint must be dismissed accordingly.

## FOR A NINETEENTH DEFENSE
### IMPLIED LICENSE

68. Defendant was granted an implied license to reprint the Rosen Letter through the automatic generation of a unique referral link by the Denver Post website that occurred when the text of the Rosen Letter was copied and pasted.

69. Defendant was granted an implied license to reprint the Rosen Letter through the

Denver Post's use of a link encouraging the sharing of the Rosen Letter via email.

70. Defendant was granted an implied license to reprint the Rosen Letter through the Denver Post's use of a "Bookmark & Share" feature encouraging the sharing of the Rosen Letter on more than 330 websites and social media outlets.

71. The implied license granted to Defendant requires dismissal of the Plaintiff's Complaint.

### FOR A TWENTIETH DEFENSE
#### FAIR USE

72. Plaintiff's claims are barred by the doctrine of fair use pursuant to 17 U.S.C. § 107.

73. The purpose and character of the Defendant's use was entirely for nonprofit educational purposes.

74. The nature of the copyrighted work specifically promotes grassroots organizations just like Lowcountry 9/12 and was directed to such organizations and their members as an open letter.

75. The effect of the use had no or a de minimis effect on the potential market for and value of the copyrighted work, as the Rosen Letter is available for free online, the Lowcountry 9/12 blog does not receive revenue from advertisers or any other source, and the Lowcountry 9/12 blog stated that the Rosen Letter came from the Denver Post and linked to the article on the Denver Post's website. Further, any damaging effect on the potential market for the copyrighted work did not damage Righthaven LLC in any way, shape, or form. Righthaven LLC does not profit from or engage in the business of content generation or distribution.

### FOR A TWENTY-FIRST DEFENSE
INNOCENT INFRINGEMENT

76.  Without waiving any other defenses or admitting conduct other than what is already admitted herein, if Defendant is liable for infringement, Plaintiff's damages should be eliminated as Defendant was an innocent infringer.

### FOR A TWENTY-SECOND DEFENSE
COPYRIGHT MISUSE

77.  Plaintiff's claims are barred to the extent Plaintiff has engaged in copyright misuse.

### FOR A TWENTY-THIRD DEFENSE
FRAUD ON UNITED STATES COPYRIGHT OFFICE

78.  Plaintiff's claims are barred to the extent Plaintiff has engaged in fraud on the United States Copyright Office.

### FOR A TWENTY-FOURTH DEFENSE
FORFEITED OR ABANDONED COPYRIGHT

79.  Plaintiff's claims are barred to the extent Plaintiff has forfeited or abandoned its copyright.

### FOR A TWENTY-FIFTH DEFENSE
STATUTORY DAMAGES BARRED

80.  Plaintiff's claims for statutory damages are barred by the United States Constitution. Such bar includes but is not limited to the requirement for due process.

### FOR A TWENTY-SIXTH DEFENSE
ASSIGNMENT AGREEMENT VOID AGAINST PUBLIC POLICY

81.  Plaintiff's claims are based entirely on an alleged assignment of copyright made by the Denver Post or its parent entity to Righthaven LLC. This assignment was made after Righthaven LLC discovered the posting of the Rosen Letter on the Lowcountry 9/12

blog and made strictly for the purposes of pursuing litigation as part of Righthaven LLC's business model. Agreements of this nature are void in that they violate public policy.

## PRAYER FOR RELIEF

Wherefore, having fully answered and pled the causes of action within, the Defendant demands a jury trial on each portion of the case which may properly be submitted to the a jury and an order granting the following relief:

a. That the Plaintiff be held liable for all damages actually and proximately caused by its improper conduct;

b. That the Plaintiff be held liable for all punitive and exemplary damages awarded to the fullest extent available under law;

c. That the Defendant be granted the requested equitable relief.

d. That the Defendant be awarded sanctions, costs, reasonable attorneys' fees, and such other awards as are available under statute; and

e. That the Court take such other action as is just, equitable, and proper in this matter.

| | |
|---|---|
| s/J. Todd Kincannon | s/Bill Connor |
| J. TODD KINCANNON, ID #10057 | BILL CONNOR, ID #9783 |
| THE KINCANNON FIRM | HORGER AND CONNOR LLC |
| 1329 Richland Street | 160 Centre Street |
| Columbia, South Carolina 29201 | Orangeburg, South Carolina 29115 |
| Office: 877.992.6878 | Office: 803.531.1700 |
| Fax:    888.704.2010 | Fax:    803.531.0160 |
| Email: Todd@TheKincannonFirm.com | Email: bconnor@horgerlaw.com |
| | |
| s/Jared Q. Libet | s/Thad T. Viers |
| JARED Q. LIBET, ID #9882 | THAD T. VIERS, ID #10509 |
| THE KINCANNON FIRM | COASTAL LAW LLC |
| 1329 Richland Street | 1104 Oak Street |
| Columbia, South Carolina 29201 | Myrtle Beach, South Carolina 29578 |
| Office: 877.992.6878 | Office: 843.488.5000 |
| Fax:    888.704.2010 | Fax:    843.488.3701 |
| Email: Jared@TheKincannonFirm.com | Email: tviers@coastal-law.com |
| | |
| February 25, 2011 | Attorneys for Defendant |