IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RIGHTHAVEN LLC, | Case No. 2:10-CV-3075-RMG |
| Plaintiff and Counter-Defendant, | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY STRIKE, DEFENDANT'S COUNTERCLAIMS |
| v. | |
| DANA EISER, | |
| Defendant and Counter-Plaintiff. | |

## I.    INTRODUCTION

This is a copyright infringement case filed by Plaintiff/Counter-Defendant, Righthaven LLC ("Righthaven") against Defendant/Counter-Plaintiff, Dana Eiser ("Eiser"). It arises from Eiser's unauthorized copying and re-publishing the entirety of a *Denver Post* newspaper article on her Internet blog. Righthaven owns the copyright to the article, and filed suit against Eiser for infringement. In response, Eiser has filed six counterclaims – for declaratory relief, abuse of process, violation of the South Carolina Unfair Trade Practices Act, barratry, civil conspiracy, and "No Good Faith Basis."

The problem with Eiser's counterclaims is that even if the facts alleged by Eiser are taken as true, none of the counterclaims can or do state cognizable causes of action. Eiser's First Counterclaim, seeking a declaration that Eiser did not infringe upon Righthaven's copyright (Docket Entry No. 22, ¶¶ 18-20), merely mirrors the allegations placed at issue by Righthaven's Complaint. Thus the counterclaim is redundant, and should be dismissed or stricken. (See Argument A, below.)

Eiser's Second Counterclaim, for abuse of process, focuses on Righthaven's filing of this lawsuit itself as the "willful act" that allegedly triggers the abuse claim. But the "willful act" element of abuse of process requires more than just the filing of the suit at issue. It requires an act not authorized by the normal process of a lawsuit. Eiser has alleged no facts indicating such an act. Moreover, Eiser has failed to allege an improper "ulterior purpose." (See Argument B, below.)

Eiser's Third Counterclaim, for violation of South Carolina's Unfair Trade Practices Act, fails to allege sufficient "loss of money or property" or "deceptive or unfair acts" to state a cause of action under the Act. Eiser appears to claim that Righthaven's suit itself violates the Act, and that Righthaven's allegations in the suit that Eiser is a copyright infringer caused her damages under the Act – by hurting her reputation. The gravemen of these claims is in defamation, not unfair trade practices; and Eiser should not be able to use this cause of action as an "end run" around the absolute privilege and strict Constitutional requirements of a defamation cause of action. (See Argument C, below.)

Eiser's Fourth Counterclaim, for "barratry," appears to assert a cause of action that is no longer recognized as an actionable tort in South Carolina. South Carolina maintains a criminal statute for barratry, but does not appear to recognize barratry as a tort. To the extent that such a tort still exists, Eiser fails to state facts sufficient to allege a plausible claim of a violation by Righthaven. (See Argument D, below.)

Eiser's Fifth Counterclaim, for civil conspiracy, is a bare-bones recitation of legal conclusions – and thus fails to state sufficient facts to properly plead a cause of action. Moreover, since Eiser has failed to list any alleged co-conspirators of Righthaven, this

counterclaim appears to be an attempt to open the door to an impermissible "fishing expedition" in discovery. (See Argument E, below.)

Eiser's Sixth and final Counterclaim, entitled "No Good Faith Basis" (Docket No. 22, ¶¶ 21-34), alleges what appears to be an affirmative defense, and does not state a recognizable claim for relief. (See Argument F, below.)

It appears that Eiser simply filed these Counterclaims in an attempt to divert the Court and the parties from the true issue at hand – Eiser's infringement of Righthaven's copyright. Since none of the Counterclaims provide sufficient allegations of the facts or legal elements of a recognizable cause of action, they should all be dismissed.

It is important to underscore that the deficiencies set in Eiser's Counterclaims cannot be cured by re-pleading. The ultimate weakness of Eiser's Counterclaims is not in their pleading failures, but is in the underlying facts alleged. No matter how they are twisted and turned, they simply do not give rise to a cognizable cause of action. Thus, all six Counterclaims should be dismissed with prejudice.

In addition, Eiser's Amended Answer and Counterclaims (Docket No. 22) was not timely filed under Rule 15(a)(1) of the Federal Rules of Civil Procedure. Eiser's Amended Answer and Counterclaims was filed more than twenty-one (21) days after Eiser's original Answer, and was filed without seeking consent from Righthaven or this Court. As a result, it should be dismissed or stricken. (See Argument G, below.)

## II.     STATEMENT OF FACTS AND STATEMENT OF THE CASE

Righthaven filed this copyright infringement action on December 2, 2010. (Docket No. 1.) Righthaven asserts that it is the owner of the copyrighted literary work entitled "A Letter to

the Tea Partyers" (the "Work").  (Docket No. 1, ¶¶ 9 & 16)  On November 19, 2010, Righthaven applied for the copyright in and to the Work with the United States Copyright Office.  (*Id.* at ¶ 18 & Ex. 3)

Righthaven contends that Eiser has control over the Internet domain, lowcountry912.wordpress.com (the "Website"), and maintains control of the content posted at same.  (Id. at ¶ 5-7)  Righthaven further asserts that on or about September 23, 2010, Eiser posted a one-hundred percent (100%) reproduction of the Work without authorization (the "Infringement") on the Website.  (Id. at ¶¶ 10-11, 19, 27-31)  Based on the alleged Infringement, Righthaven seeks, among other things, entry of a permanent injunction and an award of statutory damages against Eiser.  (Id. at pp. 4-5)  Righthaven has also demanded a jury trial in this case.  (Docket No. 1)

On or about January 18, 2011, Eiser filed a *pro se* Answer to the Complaint.  (Docket No. 7)  Thereafter, on February 25, 2011, Eiser filed an Amended Answer and Counterclaims.  (Docket No. 22)  The Amended Answer and Counterclaims asserted the six counterclaims that are the subject of this motion:  (1) declaratory judgment; (2) abuse of process; (3) violation of the South Carolina Unfair Trade Practices Act; (4) barratry; (5) civil conspiracy; and (6) "no good faith basis" (collectively, the "Counterclaims").  (Id. at ¶¶ 18-34)  Eiser's filing also specifically denied Righthaven's copyright infringement allegations and asserts some twenty-six (26) affirmative defenses in response to Righthaven's infringement allegations.  (Id. at ¶¶ 18-81)

Eiser did not seek leave of this Court or Righthaven prior to filing her Amended Answer and Counterclaims.

## III.  APPLICABLE STANDARDS

### A.  *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") authorizes a party to bring a motion to dismiss on the grounds that the allegations presented fail to state a claim upon which relief can be granted.  FED.R.CIV.P. 12(b)(6).  Federal pleadings must include a short and plain statement of the claim "showing that the pleader is entitled to relief."  FED.R.CIV.P. 8; see also, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  While the pleading standard outlined in Rule 8 does not require "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  A claim for relief also must contain "sufficient factual matter … to state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949; Nemet Chevrolet, Ltd. v. ConsumerAffairs.com, Inc., 591 F.3d 250, 255-256 (4th Cir. 2009); Monster Daddy LLC v. Monster Cable Products, Inc., CA No. 6:10-1170-HMH, 2010 WL 4853661, at *2 (D.S.C. Nov. 23, 2010). "In other words, the [claim's] factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims across the line from conceivable to plausible." Nemet, 591 F.3d at 256 (quoting Iqbal, 129 S.Ct. at 1952). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 258 (quoting Iqbal, 129 S.Ct. at 1949).

Therefore, in deciding a motion brought under Rule 12(b)(6), the Court must assume all of the factual allegations in the pleading as true, but it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1949-50. "While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." Id. at 1950.  When considering a Rule 12(b)(6) motion, the Court only must assume the veracity of the well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement of relief."  Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. (quoting FED.R.CIV.P. 8(a)(2)).

### B.     Federal Rule of Civil Procedure 12(f)

A party may move to strike a redundant pleading pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)").  For purposes of deciding a Rule 12(f) motion, "redundant" has been defined as including allegations or claims that are needlessly repetitive.  See Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116, 120 n.4 (D.P.R. 1972); see also, Bunch v. Shalala, 67 F.3d 293, 1995 WL 564385, at *11 (4th Cir. Sept. 25, 1995) ("The district court may strike frivolous or repetitive filings, and may in appropriate cases issue sanctions.")  As with a motion to dismiss under Rule 12(b)(6), the Court must view the pleading under attack in the light most favorable to the pleader when ruling on a motion to strike under Rule 12(f).  A declaratory relief counterclaim that simply replicates the issues already defined by the pleadings may be stricken under Rule 12(f). See Monster Daddy, 2010 WL 4853661, at *5-6; see also, Tenneco Inc. v. Saxony Bar & Tube, Inc., 776 F.2d 1375, 1379 (7th Cir. 1985).  Righthaven asserts the Court should strike at least Eiser's "First Counterclaim," which seeks a declaration of non-infringement, pursuant to Rule 12(f) as argued below as an alternative to its request for dismissal under Rule 12(b)(6).

## IV. ARGUMENT

### A. *The Court Should Dismiss or Strike Eiser's First Counterclaim For Declaratory Relief Because it is Duplicative of Her Denials of The Allegations of The Complaint And Her Asserted Affirmative Defenses.*

A declaratory relief counterclaim that merely mirrors the allegations already placed at-issue by the pleading may be dismissed pursuant to Rule 12(b)(6), Englewood Lending Inc. v. G&G Coachella Invs., LLC, 651 F.Supp.2d 1141, 1144-1145 (C.D. Cal. 2009); or stricken pursuant to Rule 12(f), Monster Daddy, 2010 WL 4853661, at *6.

As the Court is aware, Righthaven has filed a copyright infringement claim against Eiser. (Docket No. 1)  If Righthaven fails to prevail on its copyright infringement claim, Eiser will obtain a judgment reflecting that she is not liable for copyright infringement based on facts at-issue in this action.

Nevertheless, Eiser's First Counterclaim is for a declaration that she has not infringed the copyright at issue in Righthaven's claim for copyright infringement. (Docket No. 22, ¶¶ 18-20) Therefore, the "identical legal issues . . . are already before the court as relief sought in [Righthaven's] Complaint." Monster Daddy, 2010 WL 4853661, at *6. Furthermore, this counterclaim is duplicative of the denials contained in her answer and of her asserted affirmative defenses. (Docket No. 22 at ¶¶ 6-81)  As such, Eiser's First Counterclaim is redundant and unnecessary, and should be dismissed or stricken by the Court.

The Court "has discretion to dismiss . . ." pursuant to Rule 12(b)(6) a declaratory relief counterclaim which mirrors the complaint or which raises the same factual and legal issues as those placed at-issue through asserted affirmative defenses. See Englewood Lending Inc., 651 F.Supp.2d at 1145.  Alternatively, courts have repeatedly stricken counterclaims pursuant to

Rule12(f) which raise the same facts and legal issues as those asserted via affirmative defenses, or which constitute a mirror image of the original complaint. See, e.g., Monster Daddy, 2010 WL 4853661; Tenneco Inc., 776 F.2d at 1379; Lincoln National Corp. v. Steadfast Insurance Co., 2006 WL 1660591, at *2 (N.D. Ind. June 9, 2006) ("Indeed, repetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown."). As Judge Easterbrook explained in Tenneco Inc.:

> The label "counterclaim" has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label. Fed.R.Civ.P. 8(c); Hartford v. Romeo, 407 F.2d 1302, 1303 (3d Cir. 1969); Office & Professional Employees Union v. Allied Industrial Workers Union, 397 F.Supp. 688, 691 (E.D. Wisc. 1975), aff'd, 535 F.2d 1257 (7th Cir. 1976); Old Colony Insurance Co. v. Lampert, 129 F.Supp. 545 (D.N.J.), aff'd, 227 F.2d 520 (3d Cir. 1955). . . . When the original complaint puts in play all of the factual and legal theories, it makes no difference whether another party calls its pleadings counterclaims, affirmative defenses, or anything else. The original complaint brought the dispute into court, and the parties to that complaint are parties to each aspect of the imbroglio.

Tenneco Inc., 776 F.2d at 1379.

Dismissal of a declaratory relief claim which seeks relief that is merely duplicative of the issues already pending before the court promotes, among other things, efficient and effective judicial administration.

Here, Eiser's First Counterclaim necessarily involves the resolution of issues already before the Court in Righthaven's Complaint – Eiser's infringement of Righthaven's copyright. In addition, Eiser has specifically denied Righthaven's copyright infringement allegations in her Amended Answer. (Docket No. 22, ¶¶ 52-53.) Thus, Eiser's First Counterclaim adds no new facts or legal substance to this action beyond those otherwise before the Court. Accordingly,

Eiser's First Counterclaim, which requests a declaratory judgment of non-infringement, should be dismissed pursuant to Rule 12(b)(6) or stricken pursuant to Rule 12(f).

> **B.     *Eiser's Second Counterclaim Requires Dismissal Because She Fails to Allege Sufficient Facts to Assert a Claim for Abuse of Process and She Lacks Standing to Pursue a Claim Relating to Any Other Legal Proceedings.***

Eiser's Second Counterclaim, for abuse of process, is devoid of the substantive basis upon which it is predicated. The elements for an abuse of process claim in South Carolina are: (1) an ulterior purpose; and (2) a willful act in the use of process not proper in the regular conduct in the proceedings. Ransome v. Mimms, 320 F.Supp. 1110, 1114 (D.S.C. 1971); Huggins v. Winn Dixie Greenville, 249 S.C. 206, 209, 153 S.E.2d 693, 694 (1967). Eiser's pleading fails to raise any factual allegations relating to either element.

With respect to the second element, a willful act in the use of process not proper in the regular conduct in the proceedings, Eiser fails to allege any such act by Righthaven. To the extent that Eiser's counterclaim for abuse of process appears to relate to Righthaven's alleged prosecution of "claims for copyright infringement, filing lawsuits for copyright infringement, and receiving money in settlement from alleged infringers" (Docket No. 22, ¶ 21), Eiser's allegations necessarily must be limited to the present legal proceeding, because she is not a party to any other proceedings involving Righthaven, and therefore she lacks standing to survive dismissal under such a theory.[1]

Therefore, the only relevant act alleged in Eiser's Second Counterclaim is the institution of the present lawsuit. Eiser specifically alleges "that ***Plaintiff brought the present lawsuit*** with an ulterior purpose and that the collateral objective Plaintiff seeks was the sole and paramount

---

[1] Moreover, permitting such a nebulous and expansive theory to stand could potentially subject Righthaven to discovery efforts involving hundreds of defendants in numerous jurisdictions. While such discovery might be expected in multi-district and class action litigation, it would be unprecedented in an action involving a single counterclaimant.

reason for the willful, improper, and frivolous act *of filing the present lawsuit.*" (Id. at ¶ 23, emphasis added.)

However, the willful act element requires "some definite act or threat not authorized by the process or aimed at an objective not legitimate in the use of the process." Bostick Oil. Co. Inc. v. Michelin Tire Corp., 478 F.Supp. 68, 69 (D.S.C. 1979) (quoting Huggins, 249 S.C. at 209, 153 S.E.d2d at 694). "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."[2] Id. In fact, "[t]he mere commencement of an action by the service of a summons as required by law cannot amount to abuse of process." Bell Lines, Inc. v. Strickland, 254 S.C. 148, 150, 173 S.E.2d 788, 788 (1970). The act required for abuse of process is a form of extortion "done in the course of negotiation, rather than the issuance or any formal use of the process itself." Huggins, 249 S.C. at 209, 153 S.E.2d at 694. Eiser's own pleading admits that no process was involved in any act done by Righthaven prior to commencement of the lawsuit, because it asserts that Righthaven did not contact Eiser before filing suit. (Docket No. 22, ¶ 22.) See Bell Lines, 254 S.C. at 150, 173 S.E.2d at 788. Thus, Eiser's abuse of process counterclaim is factually based on a theory of recovery that has been expressly rejected in this jurisdiction, namely, the mere prosecution of claims against her.

While Eiser's failure to assert any willful act by Righthaven is fatal to her claim, she also fails to sufficiently allege facts to satisfy the first element: ulterior purpose. Eiser appears to assert that Righthaven's ulterior purpose is to "receive money" from individuals who infringe its copyright. (Docket No. 22, ¶ 21.) The Copyright Act explicitly provides for such recovery, 17 U.S.C. §§ 504-505, so this cannot be an improper purpose for bringing an action for copyright

---

[2] Not that any such "bad intentions" are admitted (nor has Eiser provided factual support for any allegation thereof).

infringement. "Liability [for abuse of process] exists not because a party merely seeks to gain a collateral advantage by using some legal process, but because the collateral objective was its sole or paramount reason for acting." Southern Glass & Plastics Co. v. Duke, 367 S.C. 421, 430, 626 S.E.2d 19, 23 (Ct.App. 2005) (reh'g den'd. Feb. 16, 2006). Moreover, in direct contradiction of Eiser's unsupported conclusion that Righthaven has no other motive, the Complaint seeks an injunction restraining Eiser from infringing Righthaven's copyright in the Work. (Docket No. 1 at p. 4). Even if the ulterior motive alleged by Eiser were improper, Eiser has failed to allege any facts to show that it was the sole or paramount reason for whatever willful conduct Righthaven allegedly performed.

For these reasons, Eiser fails to provide sufficient factual allegations "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555, 127 S.Ct. 1955. Accordingly, Eiser's Second Counterclaim for abuse of process must be dismissed pursuant to Rule 12(b)(6).

> C.  *Eiser's Third Counterclaim Fails to Allege Sufficient "Loss of Money or Property" or "Deceptive or Unfair" Acts to State a Cause of Action Under South Carolina's Unfair Trade Practices Act; and Cannot Be Used as an "End Run" Around the Strict Legal Protections Afforded to Defamation Defendants.*

Eiser's Third Counterclaim, for alleged violation of the South Carolina Unfair Trade Practices Act, S.C. Code §§39-5-20, *et seq.* ("SCUTPA"), fails for several reasons. First, Eiser fails to allege "any ascertainable loss of money or property, real or personal," as the result of Righthaven's alleged unfair or deceptive practices.

The provision in the SCUPTA that allows private individuals to sue for damages reads in relevant part as follows:

> Any person who suffers *any ascertainable loss of money or property, real or personal*, as the result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by §39-5-20 may bring an action individually, but not in a representative capacity, to recover actual damages.

S.C. Code §39-5-140(a) (emphasis added).

In the present case, Eiser alleges no "loss of money or property." Rather, she alleges loss of "reputation and good name." (Docket No. 22, ¶ 26)  In fact, Eiser acknowledges that the Internet blog on which the alleged infringement took place "is not-for-profit, free to read, and does not feature advertising, nor does it have any revenue of any kind." (Docket No. 22, ¶ 8) Eiser's alleged losses, while perhaps appropriate in a defamation cause of action, do not trigger liability under the SCUTPA.

Second, Eiser fails to allege sufficient facts to state a plausible claim that Righthaven employed any "unfair or deceptive method, act or practice" in commerce in South Carolina.  S.C. Code §39-5-140(a).  Eiser alleges, in essence, that Righthaven acquired the copyright in a news story that was published in the *Denver Post* newspaper, and then sued her for infringement of the copyright for posting a copy of the story on her Internet blog.  (Docket No. 22, ¶¶ 9-17)  Eiser alleges that Righthaven further maintains a practice of "purchasing the copyrights to various articles and photos published by newspapers that have already appeared on other websites, and then filing a lawsuit against the website or blog that allegedly infringed upon the article." (Docket No. 22, ¶ 15)

None of these allegations involve sufficiently "unfair or deceptive" practices to be actionable under the SCUTPA.  Purchase of a copyright, whether or not it has been infringed prior to purchase, is unquestionably permissible under the 1976 Copyright Act and therefore cannot be unfair or deceptive. See Silvers v. Sony Pictures Entm't Inc., 402 F.3d 881, 889-90 (9th Cir. 2005); ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir. 1991). Neither is filing suit for infringement – especially when the defendant has admitted that the article was in fact copied. (Docket No. 22, ¶ 11)

As a result, Eiser's SCUTPA counterclaim must be dismissed.

Third, Eiser cannot make an "end run" around the privileges and Constitutional requirements associated with a defamation cause of action by pleading the claim as a violation of the SCUPTA. The gravamen of Eiser's SCUTPA counterclaim is that her "reputation and good name" were harmed by allegedly false statements filed in Righthaven's Complaint contending that Eiser was a copyright infringer. (Docket No. 22, ¶ 26) However, allegations made in a lawsuit complaint or otherwise in a judicial proceeding are absolutely privileged against defamation claims in South Carolina. See, e.g., Texas Co. v. C.W. Brewer & Co, 180 S.C. 325, 185 S.E. 623 (1936); Crowell v. Herring, 301 S.C. 424, 466-467 (Ct. App. 1990). Moreover, claims for punitive damages must include factual allegations of Constitutional "actual malice" in South Carolina defamation cases. Erickson v. Jones Street Publishers, Inc., 368 S.C. 444, 466-467 (2006). As a result, Eiser is attempting to avoid the protections offered to Righthaven under defamation law by instead couching her claims in terms of the SCUTPA.

Similar attempts by parties to make an "end run" around the privileges and First Amendment requirements of defamation law have been rejected – in South Carolina and throughout the United States. See, e.g., Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 56 (1988) (plaintiff cannot avoid the requirements of defamation law by couching his claims as "intentional infliction of emotional distress"); Time, Inc. v. Hill, 385 U.S. 374 (1967) (in "false light" invasion of privacy claim, plaintiff still had to prove Constitutional "actual malice" to prevail); Food Lion, Inc. v. Capital Cities/ABC, Inc., 194 F.3d 505, 522-524 (4th Cir. 1999) (prohibiting plaintiff from making an "end-run" around the stricter First Amendment standards of a defamation claim by pleading "breach of duty of loyalty" and "trespass"); Unelko Corp. v. Rooney, 912 F.2d 1049 (9th Cir. 1990) ("product disparagement," "trade libel" and "tortious

interference with business relationships" claims subject to the same First Amendment requirements as defamation); Folkens v. Hunt, 290 S.C. 194, 204, 348 S.E. 2d 839, 845 (Ct. App. 1986) ("intentional infliction of emotional distress"); Todd v. S.C. Farm Bureau Mutual Ins. Co., 283 S.C. 155, 173, 321 S.E.2d 602, 613 (Ct. App. 1984) (outrage), *quashed in part on other grounds*, 287 S.C. 190, 336 S.E.2d 472 (1985).

"If the policy, which in defamation actions affords an absolute privilege or immunity to statements made in judicial or quasi-judicial proceedings, is really to mean anything then we must not permit its circumvention by affording an almost equally unrestricted action under a different label." Rainer's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 564, 117 A.2d 889 (1955) (plaintiff could not maintain a claim for "malicious interference with business").

Fourth, Eiser fails to allege sufficient "public interest" to state a claim under the SCUTPA. While Eiser alleges that Righthaven has "brought more than 239 claims for copyright infringement throughout the country, and will undoubtedly be filing many more" (Docket No. 22, ¶ 25), Eiser fails to allege that any such claims have or will impact anyone in South Carolina besides Eiser. The SCUTPA is not available to address a private wrong where the public interest is unaffected. Florence Paper Co. v. Orphan, 298 S.C. 210, 213, 379 S.E.2d 289, 291 (1989). An (allegedly) unfair practice that affects only the parties provides no basis for an action under the SCUTPA. Jefferies v. Phillips, 316 S.C. 523, 527, 451 S.E.2d 23 (Ct.App. 1994) (reh'g denied November 29, 1994). The adverse effect on the public must be proved by specific facts disclosing that members of the public were adversely affected by the unfair conduct or that they are likely to be, or else there is nothing left but a speculative claim of adverse public impact, which will not suffice for recovery under the SCUTPA. Wilson Group, Inc. v. Quorum Health Resources, Inc., 880 F.Supp. 416, 427 (D.S.C. 1995)

For any and all of these reasons, Eiser's Third Counterclaim, for violation of the South Carolina Unfair Trade Practices Act, must be dismissed.

> **D.     *Eiser's Fourth Counterclaim for Barratry Requires Dismissal Because Barratry is no Longer a Recognized Tort in South Carolina; and Alternatively Because Eiser Fails to Alleged Sufficient Facts and Elements to State Such a Claim.***

In her Fourth Counterclaim, Eiser asserts the English common law doctrine of "barratry." (Docket No. 22, ¶¶ 5)  Eiser's claim for barratry fails under a 12(b)(6) analysis, because she fails to sufficiently plead any of the elements of barratry or any facts in support of her claim.

As explained by the United States Supreme Court and the South Carolina Supreme Court, "barratry is a continuing practice of maintenance or champerty." Osprey Inc. v. Cabana Ltd. Partnership, 340 S.C. 367, 373, 532 S.E.2d 269, 273 (2000) (quoting In re Primus, 436 U.S. 412, 424 n.15, 98 S.Ct. 1893, 1900 n.15 (1978).  "[M]aintentance is helping another prosecute a suit; champerty is maintaining a suit in return for a financial interest in the outcome." Id.  "There is no federal common law offense of barratry," Rodgers v. U.S. Steel Corp., 508 F.2d 152 (3d Cir. 1975); and Righthaven is unable to find any case law wherein a South Carolina court has considered the existence of a tort of barratry (or even provides a description of its elements). Barratry appears to instead be a crime in South Carolina.  S.C. Code Ann. § 16-17-10. Moreover, this Court has held that champerty is not a recognized cause of action in South Carolina. Stoudemire v. Branch Banking & Trust Bankcard Corp., CA No. 3:09-2485-CMC-JRM, 2010 WL 3447325, at *4 (D.S.C. Aug. 2, 2010) (citing Osprey, 340 S.C. at 373, 532 S.E.2d at 273).  If champerty is not a cause of action, then barratry as a continuing practice of champerty, cannot be a recognized cause of action in South Carolina either.  Therefore, Eiser must be asserting a claim for barratry as a continuing practice of maintenance (i.e., helping another prosecute a suit).

Under the South Carolina and United States Supreme Court's definition of maintenance, because Righthaven is a party to the case and asserts an interest in the copyright at issue, Righthaven cannot be assisting *another* in prosecuting a suit. Righthaven simply is bringing a suit on its own behalf to enforce its rights in its copyright. Eiser does not allege that Righthaven is assisting another in the prosecution of a suit, or that Righthaven has a continued practice of doing so. Therefore, Eiser fails to state the essential elements of a claim for barratry, and her Fourth Counterclaim must be dismissed.

In addition, Eiser's pleading fails to allege any specific actions performed by Righthaven which give rise to the alleged tort of barratry or even any specific facts relating to her claim for barratry. Instead, Righthaven asserts, "The actions complained of herein constitute barratry." (Docket No. 22, ¶ 28) As this is merely a legal conclusion, the Court is not bound to accept it as true for the purposes of considering a Motion to Dismiss under Rule 12(b)(6), and it must be supported by factual allegations to survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. Likewise, Eiser's allegation that, "Plaintiff lacks the requisite legal interest in the claims asserted such that the Plaintiff can legally assert these claims without committing the tort of barratry,"(Docket No. 22, ¶ 29), is a mere legal conclusion on her part and is not supported by any factual allegations. Therefore, Eiser's Fourth Counterclaim for barratry is, at best, "a mere threadbare recital of the elements of [the] cause of action, supported by mere conclusory statements" and must be dismissed. Iqbal, 129 S.Ct. at 1949.

### E.     *Eiser's Threadbare Fifth Counterclaim For Civil Conspiracy Requires Dismissal Because She Has Failed to Allege Sufficient Elements And Facts For Recovery.*

Eiser's Fifth Counterclaim is for civil conspiracy. (Docket No. 22, ¶¶ 31-32) It contains merely the following bare-bones allegations:

>   31.    Plaintiff and others to be identified in discovery engaged in civil conspiracy in this matter.
>
>   32.    As a result of the civil conspiracy committed by Plaintiff and others, Defendant suffered special damages herein complained of.

(Id.)

These are mere legal conclusions. Neither the facts pleaded by Eiser nor the inferences reasonably drawn there from would entitle her to relief under a claim for civil conspiracy. This counterclaim must be dismissed pursuant to Rule 12(b)(6) because it fails to allege all necessary elements for the claim and fails to assert sufficient facts to warrant recovery under the pleading standard set forth in Twombly and Iqbal. As the Fourth Circuit held in Nemet, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Nemet, 591 F.3d at 258 (quoting Iqbal, 129 S.Ct. at 1949).

Moreover, Eiser's failure to identify any alleged co-conspirators of Righthaven, along with Eiser's allegation in the Counterclaim that "Plaintiff *and others to be identified in discovery* engaged in civil conspiracy in this matter" (Docket No. 22, ¶ 31, above (emphasis added)), indicate that Eiser does not have a sufficient basis for bringing this claim at this point. Rather, it appears that she intends to embark on a "fishing expedition" in discovery in order to attempt to find support for this cause of action. The Supreme Court has prohibited such actions. Twombly, 550 U.S. at 556-560, 127 S.Ct. at 1965-1967. As a result, Eiser's counterclaim for civil conspiracy must be dismissed.

>   F.    *Eiser's Sixth Counterclaim, For "No Good Faith Basis," Must be Dismissed Because no Such Claim For Relief Exists.*

Eiser's Sixth Counterclaim is entitled "No Good Faith Basis." (Docket No. 22, ¶¶ 33-34) Righthaven has examined federal common law and South Carolina law searching for a recognizable claim for relief for "no good faith basis." These efforts have yet to uncover a

recognized claim for relief under this theory. Presumably, Eiser must have some legal basis for this claim in order to comply with her obligations under Rule 11 of the Federal Rules of Civil Procedure, but Righthaven has been unable to locate any supporting legal authority for such a claim. Thus, Righthaven's request for dismissal of Eiser's Sixth Counterclaim is made on this basis and is subject to Eiser citing legal authority in support of her theory of recovery, which Righthaven can address in its reply brief. If no such legal authority exists, Eiser's Sixth Counterclaim for "no good faith basis" must be dismissed under Rule 12(b)(6).

### G.     *Eiser's Amended Answer and Counterclaims Were Not Timely Filed Under Fed.R.Civ.P. 15(a)*

Additionally, Righthaven asserts that Eiser's Amended Answer and Counterclaims (Docket No. 22) was not properly filed in accordance with Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a)(1) allows a party to amend its pleadings once as a matter of course within:

> (A)     21 days after serving it, or
>
> (B)     if the pleading is one to which a responsive pleading is required, 21 days after services of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Eiser filed her initial Answer (Docket No. 7) on January 18, 2011, and her Amended Answer and Counterclaims (Docket No. 22) was filed on February 25, 2011, more than twenty-one (21) days after service of the initial Answer. Since the amendment was not performed within twenty-one (21) days of service of the initial Answer, Rule 15(a)(2) required Eiser to obtain Righthaven's consent or leave of court to amend the Answer. Eiser did not seek such consent from Righthaven or leave of this Court. Therefore, Eiser's Amended pleading was not

timely filed and should be dismissed or stricken pursuant to Rule 15(a) or pursuant to Rules 12(b)(6) or 12(f) as failing to make any timely statement of a claim.

## V.     CONCLUSION

For the foregoing reasons, Righthaven respectfully requests that the Court dismiss Eiser's Counterclaims pursuant to Rule 12(b)(6) or Rule 15(a); or alternatively strike her declaratory relief claim on the authority of Rule 12(f), along with granting such relief as is deemed proper and just.

DATED this 11th day of March, 2011.

                          Respectfully submitted,

                          FENNO LAW FIRM, LLC

                          By: s/Edward T. Fenno
                          Edward T. Fenno, Esq. (ID No. 7498)
                          171 Church Street, Suite 160
                          Charleston, SC 29401
                          Telephone: 843-720-3747
                          Facsimile: 843-577-0460
                          E-Mail: efenno@fennolaw.com

                          Attorney for Plaintiff / Counter-Defendant,
                          Righthaven LLC