UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Righthaven LLC, | C/A No. 2:10-CV-3075-RMG-JDA |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION TO DISMISS** |
| Dana Eiser, | |
| Defendant. | |

Defendant Dana Eiser moves to dismiss the Plaintiff's Amended Complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937 (2009). The Plaintiff does not sufficiently plead its claimed ownership of the copyright at issue in this case.

This case is squarely within the confines of Twombly. In Twombly, an antitrust plaintiff made an unsupported allegation of an agreement between two competitors not to compete, an element of the plaintiff's claim. The Supreme Court found the Twombly complaint insufficient under Rule 12(b)(6) even under the notice pleading standards applicable in federal court.

In this case, Righthaven has failed to make any showing whatsoever that it actually owns the copyright to "A letter to the Tea Partyers" described in the Complaint. Righthaven's claims are merely conclusory and consist of mere recitations of the elements of ownership of a copyright. See Complaint ¶¶ 9; 17; 24-27. There is, in fact, plenty of reason to believe Righthaven is not the owner of the copyright. "A letter to the Tea Partyers" was written by Mike Rosen—not Righthaven—and published in the Denver Post—also not Righthaven.

While it is theoretically possible that Righthaven owns the copyright at issue here, it was likewise theoretically possible that the defendants in Twombly had made an agreement not to compete. That mere possibility was not sufficient to save a complaint with conclusory allegations from dismissal pursuant to Rule 12(b)(6). The mere possibility that Righthaven actually owns the copyright should likewise be insufficient to save this Complaint from dismissal.

This is not merely a theoretical concern or nitpicking of an otherwise-legitimate complaint. The Defendant has good reason to believe, based on Plaintiff's conduct in other cases around the country, that Plaintiff does not actually hold a legal ownership interest in the copyright at issue here. That the Complaint is utterly devoid of any factual allegations supporting ownership further suggests that Defendant's suspicions are valid.

Whatever the actual facts of Righthaven's ownership, Twombly requires they be alleged in some form or fashion beyond the mere conclusory statements appearing in the Complaint. Because Righthaven has chosen to include nothing but merely conclusory claims of ownership, the Defendant respectfully requests the Court dismiss the action.

| | |
|---|---|
| s/J. Todd Kincannon | s/Bill Connor |
| J. TODD KINCANNON, ID #10057 | BILL CONNOR, ID #9783 |
| THE KINCANNON FIRM | HORGER AND CONNOR LLC |
| 1329 Richland Street | 160 Centre Street |
| Columbia, South Carolina 29201 | Orangeburg, South Carolina 29115 |
| Office: 877.992.6878 | Office: 803.531.1700 |
| Fax:    888.704.2010 | Fax:    803.531.0160 |
| Email: Todd@TheKincannonFirm.com | Email: bconnor@horgerlaw.com |

   s/Thad T. Viers
THAD T. VIERS, ID #10509
COASTAL LAW LLC
1104 Oak Street
Myrtle Beach, South Carolina 29578
Office: 843.488.5000
Fax:    843.488.3701
Email: tviers@coastal-law.com

April 19, 2011                                             Attorneys for Defendant