IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Righthaven LLC, )<br>)<br>Plaintiff and Counter-Defendant, )<br>)<br>v. )<br>Dana Eiser, )<br>)<br>)<br>Defendant and Counter-Plaintiff, )<br>)<br>_____ ) | Case No. 2:10-cv-3075-RMG-JDA<br><br>**ORDER TO SHOW CAUSE** |

This is a copyright infringement action brought by Plaintiff Righthaven LLC against Defendant Dana Eiser. Presently before the Court are Plaintiff's motion to dismiss or alternatively strike Defendant's counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(6), 15(a)(2), and/or 12(f) [Doc. 23]; Defendant's motion to dismiss for failure to state a claim [Doc. 37]; Defendant's motion to dismiss for lack of jurisdiction [Doc. 60]; and Plaintiff's motion to dismiss Defendant's second amended answer and counterclaims [Doc. 78].

Defendant contests Plaintiff's ownership of the disputed copyright and argues the case should be dismissed for lack of standing. Plaintiff's ownership of its assigned copyrights has been contested in Nevada and Colorado. Judges in Nevada have dismissed complaints for lack of standing and issued orders to show cause why these cases should not be dismissed for lack of standing. The copyright assignments in the Nevada cases are governed by a Strategic Alliance Agreement between Righthaven LLC and Stephens Media LLC which appears to be very similar to the Copyright Alliance

Agreement (the "CAA"), including its Schedule 1 – Terms and Conditions, between Plaintiff and MediaNews Group, Inc. ("MediaNews") that Defendant asserts governs the copyright assignment at issue in this case.[*] Moreover, the CAA appears to support Defendant's claim that Plaintiff does not have standing to sue for copyright infringement. Specifically, the CAA appears to qualify any copyright assignments it governs such that Plaintiff is left only with a bare right to sue and does not own any exclusive rights in the copyright, as would be required for Plaintiff to have standing to allege an infringement claim on those copyrights. *See Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881 (9th Cir. 2005) (holding that an assignee who held an accrued claim for copyright infringement, but who had no legal or beneficial interest in the underlying copyright itself, could not institute a cause of action for infringement); *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27 (2d Cir. 1982) (holding that one who owns no exclusive right in a copyright may not sue for infringement; only the owner of an exclusive right under a copyright may bring suit).

Although Plaintiff argues substantive analysis of the assignment must await discovery, the Court believes this issue should be addressed because it goes to Plaintiff's standing to bring a copyright infringement claim at all. Thus, in the interest of judicial economy, the Court issues this Order to Show Cause why the case should not be

---

[*]Defendant filed a copy of the CAA as a supplemental exhibit to her motion to dismiss for lack of jurisdiction. [Doc. 61-1.] Although the assignment accompanying the copy of the CAA filed with the Court assigns to Plaintiff the copyright in and to another literary work previously owned by MediaNews, Defendant alleges the CAA governs all copyright assignments between Plaintiff and MediaNews. In its response in opposition, Plaintiff does not contest the copyright assignment at issue in this case is governed by the CAA.

dismissed for Plaintiff's lack of ownership of any exclusive rights in the copyright and, therefore, lack of standing to sue.

Based on the foregoing, Plaintiff is ordered to show cause, in writing, by Friday, October 28, 2011, why the Court should not recommend the case be dismissed for lack of standing.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 20, 2011
Greenville, South Carolina