IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| RIGHTHAVEN LLC, | ) | Case No. 2:10-CV-3075-RMG-JDA |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | **PLAINTIFF RIGHTHAVEN LLC'S** |
| | ) | **RESPONSE TO ORDER TO SHOW** |
| v. | ) | **CAUSE** |
| | ) | |
| DANA EISER, | ) | |
| | ) | |
| Defendant and Counter-Plaintiff. | ) | |
| | ) | |

Righthaven LLC ("Righthaven") hereby responds to the Court's October 20, 2011 Order to Show Cause (the "OSC") as to why its copyright infringement action against Defendant Dana Eiser ("Defendant") should not be dismissed for lack of subject matter jurisdiction. Righthaven's opposition is based upon the below memorandum of points and authorities, the pleadings and papers on file in this action, any oral argument allowed, and any other matter upon which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The Court's OSC asks Righthaven to explain why this action should not be dismissed for lack of standing based on an absence of subject matter jurisdiction in view of the terms of the operative contract which is known as the Copyright Alliance Agreement (the "CAA"). (OSC at 2.) Righthaven provides this response to demonstrate why it has standing to maintain this action.

As discussed more fully below, this case involves the prosecution of an accrued claim of copyright infringement that has been expressly assigned by MediaNews Group ("MNG") to

Righthaven together with ownership of the copyrighted work at issue (the "Assignment"). The Assignment transfers ownership in and to the work at issue along with, among other things, the right to sue for past infringements. The terms of the CAA only become effective upon execution of an individual assignment of a copyrighted work. Upon transfer, the CAA provides for the grant of an exclusive license back to MNG to exploit the works in which ownership has been conveyed to Righthaven. This arrangement, however, does not divest Righthaven of its standing as copyright owner to maintain an action, such as this one, based on the enforcement of an accrued copyright infringement claim.

Alternatively, Righthaven contends that if the Court decides to dismiss this action for lack of subject matter jurisdiction, it is settled law that dismissal should be without prejudice.

## II.    STATEMENT OF FACTS

Righthaven filed this copyright infringement action on December 2, 2010. (Doc. # 1.) Righthaven amended its Complaint on April 7, 2011, which is its operative pleading. (Doc. # 36.) Righthaven asserts that it is the owner of the copyrighted literary work entitled "A Letter to the Tea Partiers" (the "Work"), which was originally published on September 23, 2010 by The Denver Post. (Doc. # 36 ¶¶ 9-10, 17-18, Ex. 1.) Righthaven was assigned all right, title and ownership in and to the Work, along with the right to sue for past, present and future infringements by MNG, which is the publisher of The Denver Post. (Doc. # 36 ¶ 10.) On November 19, 2010, which is after the Assignment from MNG, Righthaven applied for the copyright in and to the Work with the United States Copyright Office. (*Id.* at ¶ 19, Ex. 3.) Righthaven contends the Defendant controls the Internet domain and content displayed at lowcountry912.wordpress.com (the "Website"). (*Id.* at ¶ 5-7) Righthaven further asserts that on or about September 23, 2010, and after publication by The Denver Post, the Defendant posted a one hundred percent (100%) unauthorized reproduction of the Work on the Website (the

"Infringement").  (Doc. # 36 ¶¶ 11-12, 20, 28-32, Ex. 2.)  Based on the alleged Infringement, Righthaven has sought, among other things, entry of a permanent injunction and an award of statutory damages against the Defendant.  (Id. at 4-6.)  Righthaven has requested also a jury trial in this case.  (Id. at 6.)  As argued herein, Righthaven should be found to have standing to maintain this action, which is based on the prosecution of an accrued copyright infringement claim that has been expressly assigned to it, along with ownership in the Work, by MNG.

III.    ARGUMENT

A. An Assignee of Past, Accrued Copyright Infringement Claims Together With Ownership of a Work Has Standing to Sue.

17 U.S.C. Section 501(b) states: "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." The case before the Court involves MNG's express written assignment to Righthaven of ownership in and to the Work along with, among other things, all related past, and accrued copyright infringement claims.  Righthaven contends that under its assignment it has standing to sue for the past, accrued acts of copyright infringement before this Court.

There are no Fourth Circuit decisions addressing the requirements for standing under the Copyright Act with regard to assigned, accrued, past claims infringement claims. The Second, Fifth and the Ninth Circuit, however, have addressed this issue.  The Fifth Circuit has held that the express assignment of an accrued, copyright infringement claim vests the assignee with standing to sue. See Prather v. Neva Paperbacks, Inc., 410 F.2d 698, 700 (5th Cir. 1969) ("Prather").  The Fifth Circuit panel in Prather held that "[a]ll that is required for an assignment of accrued causes of action for copyright infringement is that the contract cover in no uncertain terms choses in action for past, prior accrued damages." Id. (citing Kriger v. MacFadden Publ'ns, Inc., 43 F. Supp. 170, 171-72 (S.D.N.Y. 1941)). The Prather panel thereafter noted:

> Here, the parties to the agreement were clearly careful to be clear and are
> clearly correct.  By express language the assignments cover the accrued

3

> causes of action for prior infringement.  As an assignee of the causes of
> action for infringement damages, past, present and future, Prather had the
> right to maintain the action under 17 U.S.C.A. § 101 et seq. for
> infringement. There is no public policy against such assignments . . . .

Id. at 171-72. The Assignment before the Court in this case is virtually identical to that found to

effectively convey standing to sue for an assigned, accrued copyright infringement claim in

Prather.  Accordingly, the result should be the same – that Righthaven has standing to maintain

its accrued copyright infringement claim in against the Defendant.

The Fifth Circuit's decision in Prather does not stand in isolation.  The Second Circuit

has also recognized that a copyright owner can validly assign its copyright along with the right to

sue for accrued causes of action, thereby vesting the assignee with standing to sue for

infringement, as long as the accrued claims are expressly included in the assignment. See

ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir. 1991) ("ABKCO").

As recognized by the Second Circuit panel in ABKCO:

> The legal or beneficial owner of an exclusive right under a copyright is
> entitled to bring actions for infringements of that right occurring during
> the period of ownership. 17 U.S.C. § 501(b). **Thus, a copyright owner
> can assign its copyright but, if the accrued causes of action are not
> included in the in assignment, the assignee will not be able to
> prosecute them.**

Id. (citations omitted and emphasis added). Again, this is precisely the circumstance presented to

this Court.  Righthaven has been expressly assigned the right to sue for past, as well as present

and future, infringement claims along with ownership of the copyrighted Work at issue.

This Court referenced the Ninth Circuit's decision Silvers v. Sony Pictures Entm't, Inc.,

402 F.3d 881 (9th Cir.)(en banc), cert. den. 546 U.S.827, 126 S. Ct. 367, 165 L. Ed. 2d 73(2005)

("Silvers") in its OSC, but this case does not alter the result advocated by Righthaven.  Unlike

the circumstances presented to this Court, the Ninth Circuit *en banc* panel held that a plaintiff,

assigned only a bare right to sue for past copyright infringement, lacked standing. Id. at 884. In

fact, the decision in <u>Silvers</u> stands for the proposition that an assignor can transfer the ownership interest in an accrued past infringement, but the assignee has standing to sue only if the interest in the past infringement is expressly included in the assignment and the assignee is also granted ownership of an exclusive right in the copyrighted work.  <u>Id</u>. at 889-90.  In so holding, the panel in <u>Silvers</u> aligned Ninth Circuit law with that of the Second Circuit as set forth in <u>ABKCO,</u> which recognized the right to sue for past infringement when both the copyright and the accrued claims were purchased.  <u>Silvers</u>, 402 F.3d at 889.

Beyond the majority's holding, the Ninth Circuit's decision in <u>Silvers</u> is important for several observations made in the dissenting opinion of Justice Bea that serve to underscore that an assignee should be vested with standing to sue for expressly assigned, accrued past copyright infringement claims.  In his examination of the statutory interpretation employed by the majority in <u>Silvers</u>, Justice Bea astutely notes that "where Congress chooses to expressly prohibit assignment, it knows how to do so explicitly." <u>Silvers</u>, 402 F.3d at 900( Dissent by Bea, J with Kleinfeld, J.  concurring)  Thus, Congress' failure to expressly prohibit the assignment of accrued infringement claims under the Copyright Act carries with it "a negative pregnant that it intended not to prohibit assignment." <u>Id</u>. This conclusion is further supported by the fact that "it is well-established that contract rights are assignable at common law." <u>Id</u>. at 902.  "[C]ommon law rights existing prior to the enactment of a statute remain in vigor unless expressly abrogated by statute." Id. "Rather, 'to abrogate a common law principle, the statute must speak directly to the question addressed by the common law.'" <u>Id</u>. (quoting <u>United States v. Texas</u>, 507 U.S. 529, 534 (1993)). Because there is no express prohibition against the assignment of the basic contract right to assign accrued choses in action, the common law right to due so must be recognized under the Copyright Act. <u>Id</u>.

5

Justice Bea's dissenting opinion in <u>Silvers</u> additionally observes that courts have interpreted other federal statutes that confer standing on certain persons to also confer standing upon assignees. <u>Id</u>. at 903. Justice Bea cites decisions under the Clayton Antitrust Act, the RICO statute and the ERISA statute as support for this proposition. *Id.* Justice Bea's decision also observes that "[u]nlike circumstances in which the proliferation of lawsuits has been restrained on the basis of public policy, such as the prohibition on assignment of personal injury claims in tort, . . . there is no reason to prevent the assignment of a copyright claim." <u>Id</u>. at 906. In summary, Justice Bea's dissenting opinion in <u>Silvers</u> presents a compelling argument as to why a bare right to sue for an accrued infringement unaccompanied by a transfer of ownership in a copyrighted work should vest the assignee with standing.

Unlike <u>Silvers</u>, MNG expressly conveyed ownership of the Work to Righthaven along with the right to sue for past, accrued infringements. This case falls squarely within the holdings of <u>Prather</u> and <u>ABKCO</u> that it has standing to maintain this action based on the assignment of ownership of the Work by MNG which specifically includes  any accrued claim of copyright infringement.

The Order to Show Cause also refers to <u>Eden Toys, Inc. v. Florelee Undergarment Co., Inc</u>., 697 F.2d 27 (2nd Cir. 1982) as pertinent to this issue. However in that case, the Second Circuit reversed the dismissal of the copyright claims for infringement of derivative works. Id at 37.  However in discussing the standing issue, the Court noted :

> We do not believe that the Copyright Act permits holders of rights under
> copyrights to choose third parties to bring suits on their behalf. . . [T]he Copyright
> Law is quite specific in stating that only the "owner of an exclusive right under a
> copyright" may bring suit. 17 U.S.C. Sec. 501(b)

Id. at 32, fn.3. Therefore, Eden Toys does not extend the principle applicable here that only the owner  of a copyright ( or an exclusive licensee)  can sue for infringement.

**B. Righthaven Has Standing to Sue for Past Infringement Under the Plain Language of the Assignment.**

The Assignment before the Court completely adheres to the requirements set forth in Silvers, Prather and  ABKCO. The Assignment transferred all exclusive ownership rights in and to the Work to Righthaven, and expressly included all past accrued causes of action for copyright infringement. Specifically the Assignment states:

> Assignor hereby transfers, vests and assigns [the Work]…to Righthaven…all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven being able to claim ownership as well as the right to seek redress for ***past, present and future infringements*** of the copyright, ***both accrued and unaccrued***, in and to the Work.

Doc. # 61-1 at page 27 (Emphasis added.)  As a result of the Assignment, Righthaven became the owner of the Work with the additional right  to seek redress for past, accrued infringement. "[T]he right to sue for infringement--is a valuable one; indeed, it is one of the most valuable "sticks" of the "bundle of rights" of copyright. Davis v. Blige, 84 U.S.P.Q.2d 1353, 505 F.3d 90 (2nd Cir. 2007)( citing  Silvers v. Sony Pictures Entm't, Inc.,  402 F.3d 881, 890 n.1 (9th Cir. 2005)).

**1.  The CAA does not negate the right  to sue under the Assignment**

After acquiring ownership rights, Righthaven granted MNG a license to further exploit the Work under the CAA. Doc.# 61-1 at page 9, Para 6.  The license back of these rights under the CAA, as discussed below, does not affect Righthaven's right to sue for a past, accrued infringement expressly transferred contemporaneously with ownership through the Assignment.

7

The CAA's provisions neither serves to effectuate the ownership of any works nor does it alter the unambiguous language of the Assignment or the rights that Righthaven acquired thereunder. First, the CAA does not contain the assignment of any work. Rather, the CAA contains provisions dealing with future transactions in copyrights. The CAA envisions an assignment to Righthaven of all rights, title and interest in and to copyrighted works which includes the right to sue for any past infringements, coupled with a license back to MNG to exploit any copyrighted works. Doc.# 61, page 6 at para.5. This license back of rights to exploit works can only be effective **after Righthaven has been assigned the work from MNG.** Accordingly, the language of the CAA does not negate the effect of the assignment of any work to Righthaven .

Defendant here has alleged that this arrangement constitutes a "sham" or meaningless assignment and that Righthaven lacks standing to maintain this action for past infringement. An assignment transfers all rights, title and interest in and to the assigned property. Key Maps, Inc. v. Pruitt, 470 F. Supp. 33, 38 (S.D. Tex. 1978). Once Righthaven became the exclusive owner of the Work, it was entitled to exercise the right to license those rights.

While the license in the CAA limits Righthaven's rights to "license to exploit or participate in the receipt of royalties from exploitation" , Doc.# 61-1 at page 10, Para. 6, it does not affect the company's ability to bring suit for past infringements, which is precisely what is at issue here. As the court held in Silvers, the right to sue for past infringement requires only an assignment of an ownership interest along with the expressed right to sue for an accrued claim for infringement. Silvers, 402 F.3d at 889-90.

8

### 2. The CAA's right of reassignment does not change Righthaven's standing to sue

The CAA also contains a right of Reassignment but this specifically does not affect any claims which have been brought prior to reassignment occurring. See Doc.# 61-1, at page 7 , Para, 10.

### 3. Limitations subsequent to the assignment do not invalidate it.

Neither the post-assignment license back of exploitation rights to MNG nor the right of reversion under the CAA obviate Righthaven's standing to maintain this case for an accrued copyright infringement claim in view of the Assignment.  It is well established that these transfers are not invalid simply because the original owner retains some rights.  See, e.g., Vittoria N. Am., L.L.C. v. Euro-Asia Imports Inc., 278 F.3d 1076, 1082 (10th Cir. 2001) (holding that a "thirty-day reassignment clause does not establish that [the trademark assignment] is a sham") (citing Premier Dental Prods. Co. v. Darby Dental Supply Co., 794 F.2d 850, 855-56 (3d Cir. 1986) ("[L]imitations in an otherwise valid assignment do not invalidate it")); Int'l Armament Corp. v. Matra Manurhin Int'l., Inc., 630 F. Supp. 741, 746 (E.D. Va. 1986) ("Plaintiff's ownership of the marks is subject to conditions on its license agreement with Carl Walther, which make that distributorship revocable by Walther for violation of 'essential' clauses.  Such limitations on an assignment do not invalidate or make it a sham, however.")

The Ninth Circuit, more than 40 years ago, rejected the argument that an assignment made solely to facilitate a lawsuit is somehow improper.  In Rawlings v. Nat'l Molasses Co., 394 F.2d 645, 648 (9th Cir. 1968), the court held:

> Defendants make the further point that the arrangement between plaintiff and [assignor] was accomplished for the sole purpose of permitting plaintiff to bring this action without joining [assignor] as a party plaintiff or defendant.  We assume that to be true.  Defendants urge that the transaction was a sham.  The documents were in fact executed and nothing in the record indicates that as between [assignor] and plaintiff they are either void or voidable.  If not, then the purpose underlying their execution is of no concern to the defendants.

Thus, the court rejected the argument that the purpose behind a business transaction or a business itself has any bearing on the issue of standing.[1]

---

[1] Furthermore, the U.S. Supreme Court has held, an assignee of an accrued cause of action has standing to bring suit in his or her own name even if there is a promise to remit a portion of any

9

Finally, as the Ninth Circuit held in <u>Silvers</u>, courts "should interpret the Copyright Act consistently with the requirement of the Patent Act" because of the fundamental similarity between the two types of intellectual property rights.  402 F.3d at 888; see also <u>Davis v. Blige</u>, 505 F.3d 90, 104 (2nd Cir. 2007) ("Although patent and copyright law function somewhat differently, courts considering one have historically looked to the other for guidance where precedent is lacking . . . . Licenses in patent and copyright function similarly . . . .").

Courts in numerous patent cases have rejected the argument that an otherwise valid transfer of intellectual property rights made to confer standing is somehow defective, or a sham, because the motivating business purpose is litigation.  For example, in a highly analogous case in the patent context, the Federal Circuit held that patent assignments made for the sole purpose of bringing suit are nonetheless valid.  <u>SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp.</u>, 1994 WL 374529 (Fed. Cir. Jul. 14, 1994).  There, the defendant urged the court to ignore the patent assignment between related corporate entities because, like here, the agreement was entered for the purpose of conferring standing to sue for infringement.  The defendant also argued "sham" because the assignment required the plaintiff to assign the patents back at the conclusion of the litigation, a much greater restriction than that present in this case.  <u>Id</u>. at *6.  The court rejected defendant's arguments, ruling that "[t]his court and other courts have held that an assignment that explicitly provides for possible transfer back to the assignor is nevertheless effective to give the assignee standing."  <u>Id</u>.  The court further held that:

> the district court erred in granting summary judgment on the ground that the assignments of the … patents were shams because the sole purpose of the assignment was to facilitate litigation.  In so ruling, the trial court ignored the express language in the assignments and in effect created a new requirement, not found in any case law, that a patent assignment must have an "independent business purpose."

<u>Id</u>.  Thus, in the very context that <u>Silvers</u> advises courts to consider, the Federal Circuit explicitly ruled that the motive or purpose of an assignment is irrelevant to the assignee's

---

proceeds recovered to the assignor. *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 275 (2008).

standing to enforce the exclusive rights conferred and that the assignor's ability to re-acquire its rights does not deprive the assignee of its right to bring suit.  Id. at *6-7.

In yet another case decided by the Federal Circuit, the court held that a grant of patent rights was sufficient to confer standing notwithstanding the fact that the grantor retained several rights relating to the patent.  See Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A., 944 F.2d 870 (Fed. Cir. 1991).  In Vaupel, the grantor retained "1) a veto right on sublicensing by Vaupel; 2) the right to obtain patents on the invention in other countries; 3) a reversionary right to the patent in the event of bankruptcy or termination of production by Vaupel; and 4) a right to receive infringement damages."  Id. at 875.  Despite the grantor's retention of these rights, the court held that "none of these reserved rights was so substantial as to reduce the transfer to a mere license or indicate an intent not to transfer all substantial rights."  Id. Here, as in Vaupel, the rights retained by MNG do not negate the exclusive rights conferred to Righthaven; thus, Righthaven obtained ownership of the Work along with the right to sue for past, accrued infringement and it has standing to maintain this action.

The CAA's right of reassignment  does not divest Righthaven of standing to sue for past infringement.  The right of reversion gives MNG the right to regain the ownership to any assigned work in the future under certain conditions.  That future right has no impact on Righthaven's ownership status at the time of the assignment, or its status at the time it filed this action. Indeed, unless and until MNG exercises its right of reversion, that right will have no impact whatsoever.

In sum, the transactional structure under the CAA and the Assignment comport with the holding in Silvers.  Under the Assignment, Righthaven is vested with ownership of, along with the right to sue for past, present and future infringements, associated with the Work. While Righthaven agrees to license rights back to MNG that permit it to exploit the Work, there can be no such license back to MNG until after the assignment of ownership along with the right to sue for past infringements is conveyed to Righthaven. (CAA § 5.)  This structure thus conveys ownership and the right to sue for accrued infringement claims, which is precisely what is required to establish standing under Silvers for purposes of accrued or past infringement claims.

11

The intent of the parties was clear: to assign ownership of the Work to Righthaven and for Righthaven to grant an exclusive license to MNG. Any conclusion which interprets the CAA and Assignment so as not to permit Righthaven to sue for infringement would  ignore the explicit language of  assignment and CAA executed by the parties.

### C. If the Court Finds That it Lacks Subject Matter Jurisdiction, Righthaven's Amended Complaint Must be Dismissed Without Prejudice.

If the Court determines that Righthaven lacks subject matter jurisdiction despite these arguments, Righthaven contends that the Amended Complaint should be dismissed without prejudice. It is well established that a dismissal for lack of subject matter jurisdiction must be without prejudice.  See FED. R. CIV. P. 41(b) (involuntary dismissal for lack of jurisdiction is not an adjudication on the merits); Costello v. United States, 365 U.S. 265, 285–86 (1961); Brereton v. Bountiful City Corp., 434 F.3d at 1216 (10th Cir. 2006) (dismissal for lack of subject matter jurisdiction must be without prejudice because "the court, having determined it lacks jurisdiction over the action is **incapable** of reaching a disposition on the merits of the underlying claims.") (emphasis in original); Martinez v. Richardson, 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is a fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication on the merits and therefore dismissal of the . . . claim must be without prejudice."); see also Stalley v. Orlando Reg. Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); Hernandez v. Conriv Realty Assoc., 182 F.3d 121, 123-24 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.").  Accordingly, if the Court concludes that Righthaven lacks subject matter jurisdiction to maintain this action, its Amended Complaint must be dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court find that it has

standing to maintain this action, which is based upon the enforcement of an expressly assigned,

accrued copyright infringement claim. In the alternative, should the Court determine that subject

matter is lacking over this action, Righthaven maintains that the Amended Complaint should be

dismissed without prejudice.


                                            s/ Edward A. Bertele/
                                             Edward A. Bertele
                                             Fed. ID. No. 10293
                                             1812 Pierce Street
                                             Charleston, SC 29492
                                             (843) 471-2082 phone
                                             (843) 471-2082 fax
                                             ebertele@msn.com
                                             Attorney for Plaintiff Righthaven LLC

October 31, 2011.