IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| RIGHTHAVEN LLC ) | | Civil Action No: 2:10-cv-03075-RMG-JDA |
| Plaintiff ) | | |
| ) | | |
| Vs. ) | | |
| ) | | |
| ) | | |
| DANA EISER ) | | |
| Defendant ) | | **SUPPLEMENT TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Righthaven LLC ( "Righthaven") requests leave to file the within Supplement to its Opposition to defendant's Motion to Dismiss, Doc. # 68, based upon the following. In its Opposition, Righthaven contended that a prior court decision, cited by defendant, <u>Righthaven LLC v Democratic Underground</u>, Case No. 2:10-cv-1356 RLH-GDF, United States District Court for the District of Nevada, was not relevant to the defendant's motion and involved a different agreement, a Strategic Alliance Agreement ( SAA) between Righthaven and Stephens Media. Id. at page 12. Righthaven's counsel in <u>Democratic Underground</u> recently provided a copy of that decision which is contained in the transcript attached as Exhibit A to this Supplement. Accordingly, this Supplement will make that decision part of the record in opposition to defendant's motion to dismiss which is pending.

According to the decision, the court issued an Order to Show Cause to Righthaven to address Righthaven's disclosure of parties having a financial interest in the subject matter under the Court's Local Rule 7.1-1. Exh. A at page 4, line 8-10. The Court stated that the purpose of the rule was to make the court aware of the need to recuse itself in case of a conflict of interest. Id. at page 13, lines 5-8. The Court found that Stephens Media had a financial interest in the

1

outcome under the SAA which Righthaven did not disclose. Id. at line 13-17. The Court ordered Righthaven to provide a copy of its decision in every action brought by Righthaven, Id. at page 17, lines 6-9, and to disclose that agreement to the party sued. Id. at line 10-11. Defendant is already in possession of the Strategic Alliance Agreement since it was attached to her Motion to Dismiss, Doc. # 60, Exhibits A & B, filed on July 7, 2011. Therefore, this Supplement will also enable Righthaven to comply with the court's decision in Democratic Underground to provide a copy in this action.

As the foregoing demonstrates, the decision in Democratic Underground relates to disclosure of parties having a financial interest in that case under the SAA. In this case, defendant knew that the Copyright Alliance Agreement (CAA) between Righthaven and MediaNews Group not the SAA was applicable since it was attached to the Supplement to her Motion to Dismiss. Doc. # 61, Exhibit Y. However, defendant did not rely upon the CAA to support her contentions that Righthaven did not have standing to maintain this action. Therefore, Righthaven again contends that the decision in Democratic Underground is not relevant to the defendant's motion to dismiss.

Furthermore, Righthaven initially filed its Answer to Local Rule 26.01 Interrogatories containing the required financial disclosure. Doc. # 2. Notwithstanding that L. R. 26.01 (A) requires disclosure only of persons having a subrogation interest in each claim, Righthaven subsequently amended its Answer to indicate that MediaNews Group had a 50% interest in the proceeds of any recovery under the CAA. Doc. # 67. Therefore, any lack of disclosure found in Democratic Underground, has not occurred here.

Based on the foregoing, Righthaven requests leave to submit the within Supplement to enable it to comply with the decision in Righthaven v Democratic Underground and to further

2

support its contentions that this decision is not relevant to the defendant's pending motion to dismiss.

                                              Respectfully submitted,

/s/ Edward A. Bertele
Edward A. Bertele, Esq.
Federal ID. 10293
1812 Pierce Street
Charleston, South Carolina 29492
Ph:   843-471-2082
Fax: 843-471-2082
ebertele@msn.com
Attorney for Righthaven LLC

November 11, 2011