IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Righthaven LLC, | ) |
| | ) Case No. 2:10-cv-3075-RMG-JDA |
| Plaintiff and Counter-Defendant, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Dana Eiser, | ) |
| | ) |
| Defendant and Counter-Plaintiff, | ) |
| _____ | ) |

This matter is before the Court on a motion to dismiss, or alternatively strike, Defendant's counterclaims filed by Plaintiff [Doc. 23]; a motion to dismiss for failure to state a claim filed by Defendant [Doc. 37]; a motion to dismiss for lack of jurisdiction filed by Defendant [Doc. 60]; and a motion to dismiss the second amended answer and counterclaims filed by Plaintiff [Doc. 78].  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), this magistrate judge is authorized to review pretrial motions and submit findings and recommendations to the District Court in cases referred for pretrial management.

This is an action for copyright infringement pursuant to 17 U.S.C. § 501.  The Court has reviewed the complete record in this matter, including the pleadings, briefs, and exhibits submitted by the parties, as well as the applicable law.  For the reasons given below, the Court recommends Plaintiff's first motion to dismiss [Doc. 23] be found as moot; Defendant's motion to dismiss for failure to state a claim [Doc. 37] be found as moot;

Defendant's motion to dismiss for lack of jurisdiction [Doc. 60] be granted; and Plaintiff's second motion to dismiss [Doc. 78] be found as moot.

## PROCEDURAL HISTORY

On December 2, 2010, Plaintiff filed its complaint against Defendant, alleging copyright infringement. [Doc. 1.] Defendant filed a pro se answer on January 18, 2011 [Doc. 7] and subsequently retained counsel and filed an amended answer and counterclaims on February 25, 2011 [Doc. 22]. On March 11, 2011, Plaintiff filed a motion to dismiss, or alternatively strike, Defendant's counterclaims. [Doc. 23.] The Honorable Richard M. Gergel referred this action to the undersigned for pretrial management on March 25, 2011. [Doc. 24.]

On April 7, 2011, Plaintiff filed an amended complaint [Doc. 36], and Defendant filed a motion to dismiss for failure to state a claim on April 19, 2011 [Doc. 37]. Defendant filed a second amended answer and counterclaims[1] on June 23, 2011 [Doc. 53] and a motion to dismiss for lack of jurisdiction on July 7, 2011 [Doc. 60]. On August 25, 2011, Plaintiff

---

[1]Because the second amended answer and counterclaims superseded the amended answer and counterclaims to which Plaintiff filed its initial motion to dismiss, the Court recommends finding as moot Plaintiff's initial motion to dismiss [Doc. 23]. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) (stating that "an amended pleading ordinarily supersedes the original and renders it of no legal effect" (citation omitted)); *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citing *Colin v. Marconi Commerce Sys. Emps.' Ret. Plan*, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002)) (denying as moot the defendants' motions to dismiss because the second amended complaint rendered moot the defendants' pending motions to dismiss, which were related to the superseded complaint); *McCoy v. City of Columbia*, 2010 WL 3447476, at *1–2 (D.S.C. Aug. 31, 2010) (adopting the magistrate judge's report and recommendation to the extent it recommended that the motion to dismiss be found as moot because the amended complaint superseded the original complaint and rendered any attack upon it moot).

filed a motion to dismiss the second amended answer and counterclaims. [Doc. 78.] On October 20, 2011, the Court entered an Order to Show Cause why the case should not be dismissed for Plaintiff's lack of ownership of any exclusive rights in the copyright and, therefore, lack of standing to sue. [Doc. 81.] Plaintiff filed its response to the Order to Show Cause on October 31, 2011. [Doc. 84.] Additionally, responses in opposition, replies, and supplements have been filed on all pending motions [Docs. 28, 34, 41, 61, 62, 64, 68, 72, 79, 86, 88], and the motions are ripe for review.

## BACKGROUND

Defendant is, and was at all relevant times, the owner of the Internet domain found at <lowcountry912.wordpress.com> (the "Domain") [Doc. 36 ¶ 5]. On September 23, 2010, Defendant displayed an allegedly unauthorized reproduction of a copyrighted literary work entitled "A Letter to the Tea Partyers" (the "Work") as part of the content accessible through the Domain (the Domain and content accessible through the Domain, collectively known as the "Website"). [*Id.* ¶ 12; Doc. 36-1 at 5–6.]

Plaintiff asserts it is the owner of the copyright in and to the Work, which was originally published on September 23, 2010 in The Denver Post. [Doc. 36 ¶¶ 9–10, 17–18; Doc. 36-1 at 2–3.] MediaNews Group Inc. ("MediaNews"), owner of The Denver Post, was the original owner of the Work. [Doc. 60 at 7; *see also* Doc. 36-1 at 19 (indicating MediaNews is the author of the Work).] Plaintiff contends it obtained all rights, title, and ownership in and to the Work, along with the right to sue for past, present, and future infringements, through a valid and enforceable assignment from the original owner of the rights in and to the Work. [Doc. 36 ¶ 10.] Plaintiff applied for the copyright in and to the

Work with the United States Copyright Office ("USCO") on November 19, 2010. [*Id.* ¶ 19; Doc. 36-1 at 19–21.]

The ongoing relationship between Plaintiff and MediaNews with respect to assignments of copyrights is governed by a Copyright Alliance Agreement ("CAA") Plaintiff and MediaNews entered into on September 22, 2010.[2] [Doc. 61-1.] Section 6 of the CAA's Schedule 1 – Terms and Conditions ("CAA Schedule 1") states in part:

> Despite any Copyright Assignment, [MediaNews] shall retain (and is hereby granted by [Plaintiff]) an exclusive license to Exploit the [MediaNews] Assigned Copyrights for any lawful purpose whatsoever and [Plaintiff] shall have no right or license to Exploit or participate in the receipt of royalties from the Exploitation of the [MediaNews] Assigned Copyrights other than the right to proceeds in association with a Recovery. To the extent that [Plaintiff]'s maintenance of rights to pursue infringers of the [MediaNews] Assigned Copyrights in any manner would be deemed to diminish [MediaNews]'s right to Exploit the [MediaNews] Assigned Copyrights, [Plaintiff] hereby grants an exclusive license to [MediaNews] to the greatest extent permitted by law so that [MediaNews] shall have unfettered and exclusive ability to Exploit the [MediaNews] Assigned Copyrights. [Plaintiff] shall have no obligation to protect or enforce any Work of [MediaNews] that is not [MediaNews] Assigned Copyrights.

[*Id.* at 9–10.] Section 10 of the CAA is titled "Reassignment" and states in part:

> Subject to Section 9, upon [MediaNews]'s signed, written request ("Reassignment Request"), [Plaintiff] shall, within twenty (20) Business Days of any Reassignment Request, submit reassignment documentation to the United States

---

[2]Defendant filed a copy of the CAA as a supplemental exhibit to her motion to dismiss for lack of jurisdiction. [Doc. 61-1.] Although the assignment accompanying the copy of the CAA filed with the Court assigns to Plaintiff the copyright in and to another literary work originally owned by MediaNews, Defendant alleges and Plaintiff has not contested either in its response in opposition to Defendant's motion to dismiss or in its response to the Court's Order to Show Cause, the copyright assignment at issue in this case is governed by the CAA.

> Copyright Office in order to effect reassignment of any copyright requested by [MediaNews] so long as such request does not interfere with any pending litigation. Nothing in this Section 10 shall, in any way, diminish [Plaintiff]'s rights to funds pursuant to, or arising out of this, Agreement.

[*Id.* at 7.]

Plaintiff filed the instant action on December 2, 2010 based on Defendant's allegedly unauthorized reproduction of the Work. [Doc. 1.] Plaintiff seeks (1) preliminary and permanent injunctions prohibiting Defendant from reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity; (2) an order directing Defendant to produce evidence related to her use of the Work; (3) an order directing Defendant to surrender all copies of the Work; (4) statutory damages; (5) fees and costs; (6) pre- and post-judgment interest; and (7) any other such relief the Court deems appropriate. [Doc. 36 at 5–6.]

## APPLICABLE LAW

**Motion to Dismiss Standards**

*Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008)

(quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  Generally, challenges to jurisdiction under Rule 12(b)(1) may be raised in one of two ways: as a facial attack or as a factual attack.  *See Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988).  A facial attack questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction; the court analyzes a facial attack as it would a motion to dismiss under Rule 12(b)(6) such that "[t]he allegations in the complaint are taken as true, and materials outside the pleadings are not considered." *Id.*

A factual attack challenges the truthfulness of the jurisdictional allegations in the complaint, *id.*, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213,1219 (4th Cir. 1982); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).  However, the court should apply the standard applicable to a motion for summary judgment.  *Id.*  Accordingly, to prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta*, 813 F.2d at 1559); *see also Dira v. Deutch*, 149 F.3d 1167, 1998 WL 276236, at *1 (4th Cir. 1998) (unpublished table decision) ("When such 'factual' challenges are asserted, a trial court may go beyond the allegations of the complaint, weigh the evidence, and satisfy itself as to its jurisdiction to hear the case.").  A dismissal should only be granted in those instances in which "the material jurisdictional facts are not

in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Trentacosta*, 813 F.2d at 1558).

### *Rule 12(b)(6)*

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle her to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

## DISCUSSION

As stated above, before the Court are multiple motions to dismiss. However, the Court must first address Defendant's motion to dismiss for lack of subject matter jurisdiction because that motion goes to Plaintiff's standing to bring a copyright infringement claim at all.[3]

---

[3]Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). They possess only the jurisdiction authorized them by the United States Constitution and by federal statute. *Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because federal courts have limited subject matter jurisdiction, there is no presumption that federal courts have jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006). Accordingly, the Court must first consider Defendant's motion to dismiss for lack of jurisdiction to determine whether the Court has jurisdiction over the action.

**Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**[4]

Defendant argues the case should be dismissed because Plaintiff lacks standing to bring a copyright infringement suit.[5] The Court agrees.

A party invoking federal jurisdiction must establish that it has standing to bring the suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Standing in copyright actions is governed by § 501(b) of the 1976 Copyright Act, 17 U.S.C. § 101, et seq. ("the Act"), which provides "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."[6] Each of the exclusive rights "'may be transferred . . .

---

[4]The Court notes Defendant filed a supplement to her motion to dismiss for lack of subject matter jurisdiction on December 15, 2011, informing the Court Plaintiff had consented to receivership and to the assignment and auctioning off of all of its assets, including intellectual property, to satisfy a judgment in a Nevada case. [Doc. 88.] Defendant argues the receivership simplifies the subject matter jurisdiction analysis but fails to direct the Court to any case law outlining the impact of a consent to receivership on Plaintiff's ownership rights in and to the Work for purposes of an already-filed lawsuit. [*Id.*] Accordingly, because, as discussed below, the Court concludes it lacks subject matter jurisdiction based on Plaintiff's lack of standing when the case was filed, the Court declines to address Defendant's supplemental argument that because Plaintiff has consented to receivership and the assignment of its assets, it has no ownership rights in the copyright at issue in this case.

[5]As previously stated, challenges to jurisdiction under Rule 12(b)(1) may be raised as a facial attack or as a factual attack. Here, the Court construes the challenge as a factual attack, alleging Plaintiff does not really own any exclusive right in the copyright at issue despite an assignment purporting to convey ownership of the copyright to Plaintiff.

[6]Exclusive rights in copyrighted works are enumerated in § 106 of the Act and include the exclusive rights:

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work;

and owned separately.'" *N.Y. Times Co. v. Tasini*, 533 U.S. 483, 495–96 (2001) (quoting 17 U.S.C. § 201(d)(2)) (omissions in original); *see* 17 U.S.C. § 201(d)(1) ("The ownership of a copyright may be transferred in whole or in part . . . .").

The Fourth Circuit Court of Appeals has yet to address the requirements for standing under the Act with respect to the assignment of infringement claims.  However, the Ninth Circuit, following decisions in the Second Circuit, has held that because the right to sue is not one of the exclusive rights, transfer of *only* the right to sue does not confer standing to bring a suit for copyright infringement.  *See Silvers v. Sony Pictures Entm't Inc.*, 402 F.3d 881, 890 (9th Cir. 2005) (en banc).  Yet the right to sue, even for past

---

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106.

infringement,[7] may be transferred to another party if the right to sue is included in the assignment and one of the exclusive rights is also transferred.[8]  *See id*. at 890 n.1.

As previously noted, Plaintiff alleges MediaNews assigned to Plaintiff all right, title, and ownership in and to the Work, along with the right to sue for past, present, and future infringements, both accrued and unaccrued.  [Doc. 36 ¶ 10.]  Defendant argues Plaintiff does not have standing because Plaintiff owns no exclusive rights in the copyright.  [Doc. 60.]  Defendant concedes Plaintiff's assignment purports to convey all right, title, and interest in the copyright, but Defendant argues the CAA operates to take back the rights the assignment purports to grant.[9]  [*Id.* at 11.]  Plaintiff argues it has standing to bring this

---

[7]Before the Court is no evidence as to when the assignment of the Work occurred. [*See* Doc. 36 ¶ 19 (stating Plaintiff applied for the copyright in and to the Work on November 19, 2010); Doc. 61-1 at 5 (indicating Plaintiff and MediaNews entered into the CAA on September 22, 2010).]  The Court notes, however, Plaintiff referred to past infringement claims in its response to the Order to Show Cause, implying the assignment occurred after September 23, 2010, when the Work was published in The Denver Post.  In any event, evidence of when the assignment occurred is immaterial to the Court's determination.  If the assignment occurred on or before September 23, 2010, then the alleged infringement would have been a present or future, unaccrued infringement at the time of the assignment; if the assignment occurred on or after September 23, 2010, then the alleged infringement would have been a past, accrued infringement at the time of the assignment.

[8]Neither party objects to this Court's application of the holding in *Silvers*.  However, Plaintiff argues the instant case is different from the *Silvers* case because in *Silvers*, ownership of an exclusive right was never conveyed—only the assignment of the accrued cause of action—and in the instant action, both accrued and unaccrued causes of action and exclusive rights were conveyed.  [Doc. 84 at 4–5.]  As discussed below, the Court finds the restrictions and right to reassignment in the CAA leave Plaintiff owning no exclusive rights in and to the Work and owning only a bare right to sue, and therefore, the Court finds *Silvers* is directly applicable to the instant case.

[9]Although Defendant's memorandum refers to a Strategic Alliance Agreement ("SAA") [Doc. 60] that governed Plaintiff's relationships with other clients, Defendant subsequently filed a copy of the CAA governing the relationship between Plaintiff and MediaNews [Doc. 61-1].  The Court reviewed and compared the SAA and the CAA and

case because (1) MediaNews expressly assigned ownership of the Work to Plaintiff along with the right to sue for infringements and (2) licensing back rights to the assignor or limiting rights from the assignor does not invalidate the assignment. [Doc. 68 at 7; Doc. 84 at 6–12.]

The following facts are undisputed in this case:

1. The CAA was executed September 22, 2010 and is an agreement between Plaintiff and MediaNews, governing their relationship with respect to assignments of copyrights. [Doc. 61-1 at 5–25.]

2. Under the CAA, MediaNews is required to assign the copyrights for certain identified publications to Plaintiff. [*Id.* at 6 ¶ 5.]

3. Despite any assignment, MediaNews retains an exclusive license to exploit the assigned copyright and Plaintiff has no right or license to exploit the copyright or to receive royalties from the exploitation of the work. [*Id.* at 9–10 ¶ 6.]

4. The CAA requires Plaintiff to submit reassignment documentation to the USCO to effect reassignment of any copyright requested by MediaNews so

---

found the provisions to be very similar and found the CAA appeared to support Defendant's claim that Plaintiff does not have standing to sue for infringement; therefore, the Court issued its Order to Show Cause why the case should not be dismissed for lack of standing based on the provisions of the CAA. [Doc. 81.] Because many of the substantive provisions in the SAA and CAA are very similar and because Plaintiff has had a chance to respond to the Order to Show Cause and direct the Court to any distinctions between the two documents, the Court construes Defendant's initial arguments with respect to the SAA to apply to the CAA to the extent the arguments can apply to both, e.g., to the extent the same provisions appear in both agreements.

>   long as the request does not interfere with any pending litigation. [*Id.* at 7 ¶ 10.]
>
> 5.  Defendant displayed the Work on the Website on September 23, 2010. [Doc. 36-1 at 5–6.]
>
> 6.  On November 19, 2010, Plaintiff applied for the copyright in and to the Work with the USCO. [*Id.* at 19–21.]

Although neither party has produced the assignment for the Work, for purposes of the motion to dismiss for lack of subject matter jurisdiction, the Court will assume Plaintiff obtained all rights, title, and ownership in and to the Work through a valid and enforceable assignment from the original owner, along with the right to sue for past, present, and future infringements, both accrued and unaccrued. [Doc. 36 ¶ 10.]

In light of the above-described assignment, governed by the CAA and its license back and reassignment provisions, the Court concludes Plaintiff was left with no exclusive rights in the copyright at the time of suit. That, under the terms of the CAA, Plaintiff may have retained a bare right to sue is of no consequence. This Court agrees with the Honorable Roger L. Hunt, Chief United States District Judge for the District of Nevada, that the entirety of the CAA "was designed to prevent [Plaintiff] from becoming 'an *owner* of *any exclusive right* in the copyright.'"[10] *Righthaven LLC v. Democratic Underground, LLC*, 791

---

[10] Plaintiff's ownership of its assigned copyrights has been contested in Nevada and Colorado. Judges in Nevada have dismissed complaints for lack of standing, *see Righthaven v. Democratic Underground*, No. 2:10-cv-01356-RLH-GWF (D. Nev.); *Righthaven v. Hoehn*, No. 2:11-cv-00050-PMP-RJJ (D. Nev.); *Righthaven v. Barham*, 2:10-cv-02150-RLH-PAL (D. Nev.); *Righthaven v. DiBiase*, 2:10-cv-01343-RLH-PAL (D. Nev.), and issued orders to show cause why these cases should not be dismissed for lack of standing. The copyright assignments in the Nevada cases are governed by a SAA between Plaintiff and Stephens Media LLC which, as mentioned above, is very similar to

F. Supp. 2d 968, 973 (D. Nev. 2011) (quoting *Silvers*, 402 F.3d at 886) (emphasis in original).

MediaNews originally owned all of the exclusive rights to the Work and, concomitantly, the sole right to sue for infringement. Because the CAA qualifies any assignment with restrictions and rights to reassignment, the assignment changed nothing except for Plaintiff's claim to have the right to sue. According to the CAA, MediaNews, despite any copyright assignment, retained an exclusive license to exploit the Work for any lawful purpose whatsoever, and Plaintiff had no right or license to exploit or otherwise participate in the receipt of royalties from the Work. The CAA defines the term "Exploit" as "to use, make, sell, or otherwise exploit in any manner whatsoever (through any means now known or hereafter Developed)." [Doc. 61-1 at 14.] Accordingly, pursuant to the plain language of the CAA, MediaNews owned *all* of the exclusive rights set forth in section 106 of the Act.[11] Moreover, the CAA provides that MediaNews, at any time, may unilaterally

---

the CAA, including its CAA Schedule 1, between Plaintiff and MediaNews, which governs the copyright assignment at issue in this case.

[11]The CAA also provides,

> To the extent that [Plaintiff]'s maintenance of rights to pursue infringers of the [MediaNews] Assigned Copyrights in any manner would be deemed to diminish [MediaNews]'s right to Exploit the [MediaNews] Assigned Copyrights, [Plaintiff] hereby grants an exclusive license to [MediaNews] to the greatest extent permitted by Law so that [MediaNews] shall have unfettered and exclusive ability to Exploit the [MediaNews] Assigned Copyrights.

[Doc. 61-1 at 9–10 ¶ 6.] Accordingly, at the very least, Plaintiff granted MediaNews an exclusive license to exploit the Work, and Plaintiff had no rights normally associated with ownership of an exclusive right.

terminate the assignment, and Plaintiff must submit reassignment documentation to the USCO as long as the request for reassignment does not interfere with any pending litigation. These carveouts in the CAA, which governs any copyright assignment between the parties to the CAA, deprive Plaintiff of any of the rights normally associated with ownership of an exclusive right necessary to have standing to bring suit for copyright infringement.[12] Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction should be granted and the complaint dismissed.

**Attorney's Fees**

In her motion to dismiss for lack of jurisdiction, Defendant asks the Court to award costs and reasonable attorney's fees pursuant to § 505 of the Act. [Doc. 60 at 44–45.] The Court agrees Defendant should be awarded costs and reasonable attorney's fees.

A court may exercise its discretion to award costs, including reasonable attorney's fees, to the prevailing party in a copyright infringement action. 17 U.S.C. § 505; *see Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (holding that such awards are a matter of the court's discretion, not a matter of course). The Fourth Circuit Court of Appeals has

---

[12]This holding is also consistent with the purpose behind revising the Act in 1976—to enhance predictability and certainty of copyright ownership, *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 749 (1989). In the instant case, that predictability is violated. While the records of the USCO may indicate Plaintiff is the owner of rights in and to the Work, Plaintiff and MediaNews have engaged in transfers, unbeknownst to the public, that undermine this representation of ownership and call into question the validity of the transfer. The CAA was entered into between Plaintiff and MediaNews in September 2010. Righthaven registered the Work on November 19, 2010. At the time of registration, however, Plaintiff had licensed back all the exclusive rights in the Work to MediaNews. It is unclear from the record what rights, if any, Plaintiff owned when it registered with the USCO and whether Plaintiff advised the USCO of its license back to MediaNews. The public is being told that the owner of the Work is Plaintiff when, pursuant to the terms of the CAA, Plaintiff is not the owner of any exclusive rights. Consequently, holding Plaintiff lacks standing to bring suit for copyright infringement promotes the purpose of the Act.

instructed district courts to consider the following factors when determining whether to award costs and fees to a prevailing party under § 505:

> (1) the motivation of the parties;
>
> (2) the objective reasonableness of the legal and factual positions advanced;
>
> (3) the need in particular circumstances to advance considerations of compensation and deterrence; and
>
> (4) any other relevant factor presented.

*Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc.*, 74 F.3d 488, 498 (4th Cir. 1996) (citing *Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 234 (4th Cir.1993)). After weighing these factors, the Court concludes each factor weighs heavily toward imposition of attorney's fees and costs against Plaintiff. Therefore, the Court recommends Defendant be directed to file a supplemental petition for costs and attorney's fees, outlining the specific costs and fees associated with this case.

**Defendant's Motion to Dismiss for Failure to State a Claim**

Because the Court recommends granting Defendant's motion to dismiss for lack of subject matter and dismissing the case, the Court recommends finding as moot Defendant's motion to dismiss for failure to state a claim.

**Plaintiff's Motion to Dismiss the Second Amended Answer and Counterclaims**

In a supplement to her motion to dismiss for lack of subject matter jurisdiction, Defendant stated, "If the Plaintiff's copyright claim is dismissed and reasonable attorney's fees are awarded, Defendant consents to dismissal without prejudice of all counterclaims." [Doc. 88 at 1.]  Because the Court recommends dismissing the case and awarding

attorney's fees, the Court recommends finding as moot Plaintiff's motion to dismiss and dismissing all counterclaims.

## CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's motion to dismiss [Doc. 23] be FOUND AS MOOT; Defendant's motion to dismiss for failure to state a claim [Doc. 37] be FOUND AS MOOT; Defendant's motion to dismiss for lack of subject matter jurisdiction [Doc. 60] be GRANTED; Plaintiff's motion to dismiss [Doc. 78] be FOUND AS MOOT; the complaint be DISMISSED; and the counterclaims be DISMISSED. The Court further recommends costs and fees be awarded in this case and Defendant be directed to file a petition outlining the specific costs and fees associated with this case.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

January 13, 2012
Greenville, South Carolina