IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RIGHTHAVEN LLC, | Case No. 2:10-CV-3075-RMG |
| Plaintiff and Counter-Defendant, | |
| v. | |
| DANA EISER, | PLAINTIFF RIGHTHAVEN LLC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS |
| Defendant and Counter-Plaintiff. | |

Plaintiff Righthaven LLC (Righthaven) herewith submits its objections to the Report and Recommendations issued by the Magistrate Judge (Doc. # 93) concerning pending motions to dismiss. (Doc. # 23, 37, 60 and 78). Specifically Righthaven objects to the Magistrate Judge's recommendations to award legal fees and costs to defendant, for the reasons set forth below. Righthaven also objects to certain fact findings which are contained in the Report and Recommendations which may or may not be pertinent to the Magistrate Judge's recommendations.

**BASIS FOR OBJECTIONS**

Objections to recommendation of award of Legal fees

The Magistrate Judge found that under 17 U.S.C. Section 505 that the court had the discretion to award legal fees based upon the following factors: (1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and

1

(4) any other relevant factor presented. Doc. # 93 at 15-16. Righthaven does not dispute that this is the correct legal standard. However, the Magistrate Judge then stated: "After weighing these factors, the Court concludes each factor weighs heavily toward imposition of attorney's fees and costs against Plaintiff." Id. at 16.  Righthaven asserts that the Magistrate Judge should have made particular findings on each factor as the basis for its conclusion. Without having written findings as to the relevant factors, Righthaven is unable to fully and fairly address this recommendation.

In addition to the lack of specific findings, Righthaven contends that the motion record is inadequate to support such findings.  The Magistrate Judge had no evidence upon which to judge the motivation of the parties. The subject motion was decided based upon legal arguments alone, without substantive affidavits by the parties. Moreover, the defendant used its pleading as a propaganda vehicle to make numerous disparaging comments and polemical statements against Righthaven.  Defendant filed a 119 page Second Amended Answer and Counterclaims (SAAC), Doc. # 53, which Righthaven alleged violated FRCP 8 (a). See Doc. # 78 at 4-8. The SAAC describes  Righthaven's conduct as  a " massive fraud", Paragraph 98; "worse than a mentally unbalanced person", Paragraph 977; a "reign of terror", Paragraph 527;  "sham proceedings" , Paragraph 694; "atrocious",  Paragraph 802;  that  everything about it violates public policy, Paragraph 275; that its CEO Steven Gibson has an "ill regulated mind", Paragraph 720; and that one of its in house attorneys is "engaged in the unauthorized practice of law in Nevada", Paragraph 184, that its former South Carolina attorney conspired to enhance settlements. Paragraph 212. Id. Doc. # 53.  Since the Magistrate Judge did not disclose the basis upon which it found an improper motivation by Righthaven, Righthaven is denied the opportunity to respond. Compare Charles W. Ross Builder, Inc. v. Olsen Fine Home Building, LLC, Civil Action

4:10cv129 (E.D. Va. January 9, 2012)( the court agreed with the plaintiff's version of events that it had not acted in bad faith in bringing the action based upon affidavits submitted).

As far as the objective reasonableness of the action, the Magistrate Judge found that the standing issue had not been decided in the Fourth Circuit. Doc. # 93 at 10.  The court in <u>Charles W. Ross Builder, Inc. v. Olsen Fine Home Building, LLC,</u> Civil Action 4:10cv129 (E.D. Va. January 9, 2012) found that the plaintiff's allegations of copyright infringement were not objectively  unreasonable where  "at the time of this Court's ruling on summary judgment, the Fourth Circuit had not squarely addressed certain issues raised by Plaintiffs copyright suit." Therefore, the Magistrate Judge's conclusion that the action was objectively unreasonable requires explanation in light of its own recognition of a lack of Fourth Circuit precedent. The Magistrate Judge's decision relies upon the Ninth Circuit's decision in <u>Silvers v. Sony Pictures Entertainment, Inc.,</u> 402 F.3d 881 (9th Cir.)(en banc), cert. den. 546 U.S.827, 126 S. Ct. 367, 165 L. Ed. 2d 73(2005) ("<u>Silvers</u>") to which it referred in issuing its Order to Show Cause. As plaintiff noted in response to the Order to Show Cause, <u>Silvers</u> does not interpret the Copyright Act standing provisions in a way that would alter Righthaven's infringement claim. Doc # 84 at 4-5.  The Ninth Circuit *en banc* panel held that a plaintiff, assigned only a bare right to sue for past copyright infringement, lacked standing. <u>Id</u>. at 884.The <u>Silvers </u>case does not address the specific facts present herein i.e. an assignment of a copyright claim subject to an exclusive license  which the Magistrate Judge interpreted as divesting Rigthhaven of any rights upon which it could sue under 17 USC Section 501.

As to the remaining factors,  Righthaven should not be required to speculate as to  why the Magistrate Judge found there was a need for deterrence or  what " other relevant factors" the Magistrate Judge may have considered as  the reasons for its decision.

3

In summary, Righthaven respectfully requests that the Court not adopt the Magistrate Judge's recommendation because: the lack of specific findings prevents Righthaven from fully and fairly responding; the record in not complete and does not support the recommendation.

Objections to Factual Findings

The Magistrate Judge found that defendant Eiser was the owner of the Internet domain found at <lowcountry912.wordpress.com> (the "Domain") where the alleged infringement appeared. Doc. # 93 at page 3. The Magistrate Judge apparently relied upon a prior pleading in which defendant admitted ownership, see Doc. 36 ¶ 5, but which defendant subsequently amended to deny ownership. Doc. # 53 at Para. 55. Righthaven respectfully requests that the Court correct the Magistrate Judge's findings that Eiser was the owner of the domain carrying the alleged infringing article.  Rigthhaven does not allege that this finding is prejudicial to the Magistrate Judge's determination of the motion to dismiss although it may have relevance in other respects such as to any potential legal fee award.

## CONCLUSION

For the reasons expressed herein, Righthaven respectfully requests that the Court adopt the foregoing objections.

        s/ Edward A. Bertele/
        Edward A. Bertele
        Fed. ID. No. 10293
        1812 Pierce Street
        Charleston, SC 29492
        (843) 471-2082 phone
        (843) 471-2082 fax
        ebertele@msn.com
        Attorney for Plaintiff Righthaven LLC

January 30, 2012