IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Righthaven, LLC, ) | Civil Action No.: 2:10-cv-3075-RMG |
| ) | |
| Plaintiff and Counter-Defendant, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Dana Eiser, ) | |
| ) | |
| Defendant and Counter-Plaintiff. ) | |
| ) | |

In this case, Plaintiff brings an action for copyright infringement pursuant to 17 U.S.C. § 501. On March 25, 2011, this case was referred to United States Magistrate Judge Jacquelyn Austin for all pretrial proceedings pursuant to 28 U.S.C. § 636. (Dkt. No. 24). Multiple motions were filed by Plaintiff and Defendant, and on January 13, 2012, the Magistrate Judge issued a Report and Recommendation regarding the disposition of those motions. (Dkt. No. 93). Specifically, the Magistrate Judge recommended the following: Plaintiff's motion to dismiss, or alternatively strike, Defendant's counterclaims (Dkt. No. 23) be found as moot; Defendant's motion to dismiss for failure to state a claim (Dkt. No. 37) be found as moot; Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 60) be granted; Plaintiff's motion to dismiss (Dkt. No. 78) be found as moot; Plaintiff's Amended Complaint (Dkt. No. 36) be dismissed; and Defendant's counterclaims (Dkt. No. 53) be dismissed. (Dkt. No. 93). The Magistrate also recommended that Defendant's request for costs and attorneys' fees be granted. (*Id.*). On January 30, 2012, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 95). In the objections, Plaintiff objected to the Magistrate's recommendation that the Court award costs and attorneys' fees to Plaintiff. (*Id.*). Plaintiff did not, however, object to the Magistrate's recommendation regarding the disposition of any of the other pending motions,

1

including the recommendation that Defendant's motion to dismiss for lack of subject matter jurisdiction be granted. (*Id.*).

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

As mentioned above, Plaintiff did not object to the Magistrate's recommendation that Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 60) be granted. Having reviewed the record, the applicable law, and the Magistrate's Report and Recommendation, the Court agrees with the Magistrate's finding that Plaintiff lacks standing to pursue this suit and that the Court therefore lacks subject matter jurisdiction over this suit. Thus, Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 60) is granted, and Plaintiff's Amended Complaint is dismissed without prejudice. Because the Court is granting Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 60), the Court denies as moot Defendant's motion to dismiss for failure to state a claim (Dkt. No. 37).

Further, Defendant has indicated that it will consent to dismissal without prejudice of its counterclaims against Plaintiff now that the Court has dismissed Plaintiff's Amended Complaint and now that Defendant has consented to receivership and the assignment and auctioning off of all of its assets. (Dkt. No. 88). Thus, the Court dismisses without prejudice Defendant's counterclaims against Plaintiff, and the Court therefore denies as moot Plaintiff's motion to dismiss Defendant's counterclaims (Dkt. No. 78).[1]

Finally, Defendant has requested that the Court award, pursuant to 17 U.S.C. § 505, all costs and reasonable attorneys' fees to Defendant "in the event that [Plaintiff's] Amended Complaint is dismissed or [Defendant] otherwise prevails on [Plaintiff's] copyright infringement claim." (Dkt. No. 60 at 44). Now that the Court has dismissed Plaintiff's Amended Complaint, if Defendant would like to request costs and attorneys' fees pursuant to 17 U.S.C. § 505 as previously indicated, Defendant should file a motion and memorandum of law in support of this request within 15 days of this Order. Plaintiff shall file a response within 7 days of Defendant's motion and memorandum. If Defendant wishes to file a reply, Defendant shall do so within 5 days of Plaintiff's response.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

February 16, 2012
Charleston, South Carolina

---

[1] Also, on March 11, 2011, Plaintiff filed a motion to dismiss, or alternatively strike, Defendant's counterclaims. (Dkt. No. 23). Plaintiff filed this motion in response to Defendant's Amended Answer and Counterclaims (Dkt. No. 22). Subsequently, Plaintiff filed an Amended Complaint (Dkt. No. 36), and Defendant filed a Second Amended Answer and Counterclaims (Dkt. No. 53). Upon Defendant's filing of the Second Amended Answer and Counterclaims, Defendant's Amended Answer and Counterclaims was superseded and of no legal effect. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (holding that an amended pleading ordinarily supersedes the original and renders it of no legal effect). Thus, Plaintiff's motion to dismiss Defendant's original counterclaims (Dkt. No. 23) is also denied as moot.